LOCKWOOD *et al. v.* THORNE *et al.*

The omission of a party to object to an account rendered, raises only a presumption of its correctness, which may be rebutted by proof of any circumstances tending to a contrary inference.

Where the balance the account exhibits has been paid or adjusted between the parties, though stronger evidence of their acquiescence than the mere omission to object, it may be repelled by evidence of the course of dealing between the parties, or other circumstances explaining or qualifying the implied admission.

It is not necessary that an objection to the correctness of the account should be made at the time of asking or receiving the balance struck, but the party is not concluded from impeaching it within a reasonable time, to be determined from all the attending circumstances.

Evidence upon the question whether an account has been stated or settled is pertinent in respect to its accuracy, and is not to be deemed as involving an issue preliminary to that inquiry. *Per* SELDEN, J.

This case, as reported 1 *Kernan,* 170, commented upon and explained.

APPEAL from the Supreme Court. In March, 1844, the plaintiffs, who were tanners, in Ulster county, made a contract with the defendants, leather merchants, in the city of New York, to receive from them hides to be tanned at a stipulated compensation, and agreed that the hides should "be made to gain in weight as much as good tanners make from the same description of hides." Under this contract the plaintiffs received and tanned a large quantity of hides, which were returned from time to time, the contract being renewed from year to year. A large number of hides were thus received and tanned in 1846 ; and on the 1st day of February, 1847, the defendants sent by mail to the plaintiffs an account current, giving them credit for the different parcels of leather tanned, and charging them for advances, and also with an item of $880.48, for deficiency in gain of weight, showing a balance due the plaintiffs of $5623.41. On the seventeenth day of February, the plaintiffs drew upon the defendants for the precise amount of the balance, with directions to charge the same in their account. The draft was paid. In November following the plaintiffs brought this suit for the item of $880.48, and recovered judgment in the Supreme Court, upon the report of referees. On appeal to this court, that judgment was reversed and a new trial ordered, upon the ground that the rendering of the account by the defendants, and the draft for the balance, as shown by the account—there being no proof to show any objection until suit brought—proved an account stated between the parties, which concluded the parties, unless fraud or mistake were shown.

Upon the last trial, after proving the amount of leather tanned by them in the year 1846, the plaintiffs offered to prove that as soon as the Hudson river opened, early in March, they went to New York and had an interview with the defendants, and objected to the charge for deficiency; that it was then treated as an open matter between the parties, and the defendants offered to allow a portion of the amount deducted; that they had various interviews through the summer, at none of which did the defendants suggest that the matter was closed by the account rendered, and the draft for the balance; that they had subsequently, and before suit brought, offered to pay a portion of the demand.  They offered also to prove that, in two instances where the defendants had similar contracts with other tanners, and similar accounts were rendered and drafts drawn for the balance, objections afterwards being made, the matter was arranged and no claim made that the parties were concluded; which evidence was all rejected.

The circuit judge then ruled that the drawing for and receiving pay for the balance of the account, without any accompanying claim or notice that the account was incorrect, concludes the party, and the account thereby becomes in law an account stated, and a claim made a month afterwards is not admissible, and nonsuited the plaintiffs; to which the counsel for plaintiffs excepted.

The judgment having been affirmed at general term in the third district, the plaintiffs appealed to this court.

*Amasa J. Parker,* for the appellants.

*Lyman Tremain,* for the respondents.

PRATT, J.   No question seems to have been made in the court below, in regard to the legal effect of an account stated.  It was assumed that if an account had been stated between the parties, the plaintiffs were precluded from

showing that it was incorrect. The point of litigation in the Supreme Court seems to have been, whether an account had in fact been stated. It was therefore to this question of fact that the evidence was directed, and the question now for our determination is, whether the evidence offered and excluded upon the trial was relevant and competent upon this issue of fact.

In stating an account, two things are necessary : 1st. That there be a mutual examination of the claims of each other by the parties; and 2d. That there be a mutual agreement between them, as to the correctness of the allowance and disallowance of the respective claims, and of the balance, as it is struck upon the final adjustment of the whole account and demands on both sides. The minds of the parties must meet upon the allowance of each item or claim allowed, and upon the disallowance of each item or claim rejected. They must mutually concur upon the final adjustment, and nothing short of this in substance will fix and adjust their respective demands as an account stated.

But in proving an account stated, it is not necessary to show an express examination of the respective demands or claims of the parties, or an express agreement to the final adjustment. All this may be implied from circumstances. If the account be rendered by one party, and the other party, upon examining it, makes no objection, an inference might legitimately be drawn that he was satisfied with it, as rendered. So, also, if the account should be made out by one party and transmitted to the other party by mail, and the latter should omit to communicate objections to the party rendering the account within a reasonable time, an inference might be drawn that he was satisfied with it. Such omission to object would therefore be legitimate evidence in proving an account stated. There is no arbitrary rule of law which renders an omission to object in a given time equivalent to an actual agreement or consent to the correctness of the account thus rendered; but it is merely competent evidence.

Lockwood *v.* Thorne.

subject to be rebutted by circumstances from which counter inferences may be drawn. Thus, if it should appear that the party to whom the account was rendered was absent from home, that would of itself account for the omission, and no inference could be drawn that he was satisfied with the account. So, other circumstances might be shown, which would satisfactorily account for the omission to object in a given time. If one party receiving such account lived at some distance from the other party, and was expecting to see him within a few days, that might satisfactorily account for omitting to transmit immediately his objections by mail. Again, the expected meeting of the parties might be prevented or delayed by some unforeseen casualty, which might extend it from a few days to as many weeks, even months, and thus, what in the absence of knowledge of all the circumstances might appear a very extraordinary and unreasonable delay, with such knowledge, would be satisfactorily accounted for.

So, the natural inference to be drawn from an omission to make objection, might be rebutted by proof of the course of dealing between the parties, or of some understanding between them that no technical defaults should be insisted upon. In fine, as the omission to object to the account rendered, raises merely an inference that the party is satisfied with it, and that he means to have his silence understood as an expression of his concurrence therewith, any circumstances calculated to rebut such inferences, or to raise counter inferences, are clearly competent evidence to be submitted to the jury, in order that, with a knowledge of all the circumstances of the case, they may form their conclusion of the actual intention of the parties.

And, as the minds of both parties are supposed to meet and concur, it must necessarily be competent to show how the party rendering the account understood the transaction. If the evidence should show clearly that he did not understand that there had been any final adjustment of their

respective demands between them, it would be strange, indeed, if the courts should disregard the understanding of the parties themselves, and decree an adjustment between them contrary to their own understanding in the matter.

We come now to the case at bar. The plaintiffs, by drawing for and receiving payment of the precise amount of the balance, as shown by the account rendered ,by the other party, did an act from which, in the absence of other circumstances or acts on their part, the other party had a right to infer that they were satisfied with the account and assented to its correctness. This inference would undoubtedly be strengthened by the length of time which should elapse before objections were interposed. Upon the former trial, it did not appear that the correctness of the account was questioned at all until the suit was commenced, some nine months after the draft for the balance was drawn and paid. Allowing so long a time to elapse without objection, together with the fact that the plaintiffs had received the balance, was certainly strong evidence of consent on their part to the correctness of the account. Whether the point was so raised in that case as to present a question of law for the action of this court, it is not necessary now, perhaps, to inquire. If the case had been tried by a jury, and the court had been asked to instruct the jury upon the effect of the evidence, or if the facts had all appeared in the plaintiff's case, and a motion for a nonsuit had been made, the ruling of the court against the defendants might have presented a question of law. But, in this case, the first trial was before referees, and they found a general report for the plaintiffs. Whether the most that could be said in such a case, was not that their report was against the evidence, is not a question now before us. The court seems to have decided that it was a question of law, not of fact. There is nothing in that decision, however, which would preclude the plaintiffs from showing upon the second trial that they did, in fact, object within a reasonable time, or any legitimate

Lockwood *v.* Thorne.

excuse for not objecting, or any admission on the part of the defendants that the account had never been deemed adjusted so as to constitute an account stated by either party.

The plaintiffs offered to show that on their first visit to New York, after the account was rendered, they did make an objection to the allowance of the item in question, and that no claim was made that the matter had been adjusted. Now, whether the desire on the part of the plaintiffs to see the defendants and discuss the subject of the item with them personally, was a sufficient explanation of their omission to transmit their objections by mail, was a question, it seems to me, entirely for the jury, and not for the court. It was for them to draw inferences from the conduct of the parties, and upon an examination of all the facts to declare what that conduct was designed to express.

It was also for them to ascertain how it was understood by the other party. The acts and declarations of the defendants, therefore, it seems to me, were clearly competent evidence upon this point. If the evidence showed that the disputed item was the subject of frequent discussions between the parties, and that no claim was ever made on either side that it had been settled and adjusted at that amount, the jury would have the right to find that the account had not in fact been settled or adjusted. Indeed, they might infer that the necessary objection had in fact been interposed, or that there was some arrangement or understanding between the parties that it should not be necessary to make objections at the first opportunity. Upon the whole, therefore, I am satisfied that the evidence offered and rejected was competent and should have been admitted. The judgment of the Supreme Court must therefore be reversed, and a new trial ordered; costs to abide the event.

SELDEN, J. This case has, I think, been tried under a misapprehension on the part of the counsel, if not of the court, as to the effect of what is called an *account stated.*

It seems to have been supposed that the questions, whether the account which had been rendered had become a stated or a settled account, or whether if settled, it should be opened, presented a preliminary issue, to be first tried and decided before any evidence could be received showing mistakes or errors in the account. This erroneous supposition appears to have caused the case to be disposed of, without going into any evidence in regard to the accuracy or justice of the charge in the account for deficiency in the weight of the hides.

An account *stated* or *settled*, is a mere admission that the account is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors. Its effect is to establish, *prima facie*, the accuracy of the items without other proof; and the party seeking to impeach it is bound to show affirmatively the mistake or error alleged. The force of the admission, and the strength of the evidence which will be necessary to overcome it, will depend upon the circumstances of the case. An account stated, which is shown to have been examined by both parties, and expressly assented to or signed by them, would afford stronger evidence of the correctness of its items than if it merely appeared that it had been delivered to the party, or sent by mail, and acquiesced in for a sufficient length of time to entitle it to be considered as an account *stated*.

So too, an account *settled*, that is, when the balance it exhibits has been paid or adjusted between the parties, is stronger evidence and requires more proof to overcome it than a mere account *stated*. But the parties are never precluded from giving evidence to impeach the account, unless the case is brought within the principles of an *estoppel in pais*, or of an obligatory agreement between the parties; as for instance where, upon a settlement, mutual compromises are made.

When this case was here upon a former occasion, the account current which had been rendered by the defendants

to the plaintiffs had not only, so far as appeared, been retained without objection for a period of many months, but the precise balance which it exhibited had been drawn for by the plaintiffs, and paid by the defendants. These facts, uncontradicted, afforded clear evidence, not only of a *stated* but a *settled* account; and so the court held. But upon the second trial, the plaintiffs had no doubt a right to contradict or change the state of facts from which this inference was drawn; and this they attempted to do. The court, in its former decision, laid stress upon the fact that the plaintiffs had acquiesced in the account for a period of nine months; and this the judge who delivered the opinion thought sufficient to authorize the inference that they assented to its correctness. Upon the trial under review, the plaintiffs offered to show that, so far from suffering the account to remain unquestioned for the period of nine months, they had, shortly after its receipt, called upon the defendants and insisted upon its injustice. This offer was rejected and the counsel excepted.

There can be no doubt of the competency of this evidence. It tended directly to overthrow one of the main facts upon which the inference of assent to the account was based, viz., the long continued acquiescence. Its exclusion, therefore, was plainly erroneous, unless the judge upon a trial has a right to reject evidence clearly competent, on the ground that if admitted it will not be sufficient to accomplish the object for which it is introduced. There might possibly be a case where the evidence offered, although competent, would nevertheless be of so light and trivial a character that the judge, if it clearly appeared that the party had no other evidence in reserve, would be justified in excluding it, for the purpose of saving the time of the court. This, however, can hardly be considered as such a case. At the time the offer in question was made and overruled, there was nothing to show that the plaintiffs did not intend and were not prepared to follow it with other proof

having the same tendency. Its rejection, therefore, at that stage of the trial was clearly erroneous, and could only be justified here upon the ground that it subsequently appeared that the plaintiffs were not prepared to offer any evidence which would be sufficient to repel the inference. But the bill of exceptions contains nothing to show that the offers made embraced all the evidence which the plaintiffs were ready to produce. After various offers subsequent to that to which I have referred, most if not all of which were rightfully overruled, the judge interposed, stating that he should hold, in accordance with what he assumed to be the previous decision of this court, that drawing for and receiving the balance of an account rendered, without any accompanying claim or notice that the account is incorrect, absolutely concludes the party receiving payment.

This announcement, of course, terminated the trial, as the plaintiffs could not contradict the fact of drawing for and receiving the balance. It is evident that the judge, in this ruling, misapprehended the decision of this court. If the opinion delivered upon the former hearing of the cause is examined, it will be seen that the conclusion was not placed solely upon the ground that the plaintiffs had drawn for and received the balance shown by the account. On the contrary, the judge who delivered the opinion dwells mainly upon the fact of the acquiescence in the account for so long a period, and refers to the draft for the balance mainly as an incidental fact, tending to strengthen and confirm the inference to be drawn from such acquiescence. (1 *Kern.*, 173.)

This acquiescence, therefore, if not the main was at least one of the principal facts upon which the decision of this court was based, and evidence tending to contradict it was of course admissible. That which was offered for that purpose, although unobjectionable in its character, was rejected, and how much more the plaintiffs would have offered, but for the rulings of the judge, in no manner appears.

The judgment should be reversed, and there should be a new trial, with costs, &c.

DENIO and STRONG, Js., dissented; all the other judges concurring,

Judgment reversed and new trial ordered.