Henry Volkening, Appellant, *v.* Henry P. DeGraaf et al., Respondents.

To maintain an action upon an account stated, it must appear that the account has been balanced and rendered, with an assent on the part of the plaintiff, either express or fairly implied, to the balance.

Where, in such an action, plaintiff failed to show any assent, express or implied, on the part of defendants, that they were indebted to plaintiff in the balance claimed, and no amendment of the pleadings was asked, *held,* that a dismissal of the complaint was proper, although there might have been some evidence of indebtedness.

The pleadings in an action will not be amended on appeal to this court for the purpose of reversing a judgment.

(Argued April 23, 1880; decided June 1, 1880.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendants entered upon an order dismissing complaint on trial. (Reported below, 12 J. & S. 424.)

The complaint in this action, as a second cause of action, which was the only bill in question, set up an account alleged to have been stated between Derleth Brothers, plaintiff's

assignors, and the defendants, on the 28th day of November, 1874. The following facts appeared upon the trial:

Prior to the time specified, Derleth Brothers had had numerous dealings with the defendants. For years they had made for and sold to the defendants, furniture and office and store fixtures, and the course of dealing had been as follows: When they delivered goods they sent a bill, and when the correctness of the bill was ascertained, the defendants' book-keeper entered the amount of it in a certain pass-book kept between the parties to the credit of Derleth Brothers. As payments were made to the latter, they were also entered in the said pass-book. From time to time the account kept in this manner was balanced. There was one transaction out of which this controversy arose that rested upon a separate and distinct agreement. It constituted a sort of joint adventure between Derleth Brothers and the defendants to fix up a certain saloon for one John H. McKinley, who was to pay a certain proportion in cash and the balance in notes, to be secured by a chattel mortgage. It was agreed between Derleth Brothers and the defendants that the work should be proportioned between them, but that all bills should be rendered to McKinley in the name of the defendants, and that Derleth Brothers would take their proportion of the cash and of the notes when received by defendants from McKinley, and to take the notes without recourse. Under this agreement Derleth Brothers furnished about $3,000 worth of goods. By arrangement between the parties, and as a matter of convenience, these goods were placed to the credit of Derleth Brothers in the said pass-book, but distinguished from the other goods by being marked "McKinley," and in the bills rendered by Derleth Brothers to the defendants they were distinguished in like manner. The amount of said goods was carried forward in the account as it ran along, and as, from time to time, it was balanced in the pass-book. It was the last balance thus appearing in the pass-book that the plaintiff seeks to recover in this action. The evidence was undisputed that the amount thus sued for constitutes a balance due from McKinley on account of the goods

furnished by Derleth Brothers. McKinley, after having made some payments in cash, of which Derleth Brothers received their share, refused to give notes pursuant to his contract. Instead, he defrauded both the defendants and Derleth Brothers. All other claims between defendants and Derleth Brothers have been adjusted.

*Nelson Smith* for appellant. The account in suit was an account stated in its strictest sense. (*Harley* v. *Eleventh Ward Bk.*, 76 N. Y. 618; *Stenton* v. *Jerome*, 54 id. 480, 484; *Lockwood* v. *Thorn*, 11 id. 170; 18 N. Y. 285; *Hutchinson* v. *Market Bank*, 48 Barb. 302; *Porter* v. *Cooper*, 1 C. M. & R. 394.)

*James R. Marvin* for respondents. To make an account stated, there must be a mutual agreement between the parties, as to the allowance or disallowance of their respective claims. There must be proof of assent to the account rendered. (*Stenton* v. *Jerome*, 54 N. Y. 480; *Lockwood* v. *Thorne*, 18 id. 285, 292; *Quincey* v. *White*, 63 id. 370; *Porter* v. *Lobuck*, 2 Bosw. 188.) The court had no power to direct an amendment in this case. (Code, § 173; 39 Barb. 104; 2 Duer, 153; *Dailey* v. *Johnson*, 1 Daly, 61; *Rowell* v. *Giles*, 53 How. 244; *Barnes* v. *Quigley*, 59 N. Y. 265.)

Folger, Ch. J. It appears from the proof, and was conceded on the argument, that the claim set forth in the complaint for a second cause of action has been fully paid and satisfied. There is in dispute in the case only the claim set forth in the complaint as the first cause of action. That is strictly a cause of action on an account stated. It is that and nothing else. To maintain the action as averred in the complaint, the plaintiff must prove an account stated; that and nothing else will support his allegations. An account stated is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance. (*Bass* v

*Bass*, 8 Pick. 187.) By the same authority, an account closed is not an account stated. (And see *Mandeville* v. *Wilson*, 5 Cranch, 15.) There must be an assent by the party to be charged, either express or fairly implied. (*Stenton* v. *Jerome*, 54 N. Y. 480.) The emphatic words of a count upon an account stated were, in former days, *insimul computassent*, that they, the plaintiff and defendant, accounted together; and the count went on to say that on such accounting the defendant was found in arrear and indebted to the plaintiff in a sum named, and being so found in arrear, he undertook and promised to pay the same to the plaintiff. (2 Chitty's Pl. 90; 1 id. 358.) Now there is no evidence in this case from which a jury would be allowed to find or infer that the defendants ever assented, expressly or impliedly, that they were indebted to the plaintiffs in the balance or sum claimed, and undertook, by express or implied promise, that they would pay it. There is no dispute but that the plaintiffs were to take a share of what the defendants got from McKinley, whether it were cash or whether it were notes. The only dispute was whether the plaintiffs were at all events to be paid, either part in money and part in his notes, or in failure to deliver the notes, all in money. As they were to take his notes to the order of the defendants, to be indorsed by them without recourse, there is not room for a serious dispute that, by the agreement of the parties, the plaintiffs were to have or not have their pay, as he was or was not of ability or will to make payment. There is no room in the testimony for the claim that the defendants were in any sense the guarantors of McKinley's ability to pay. The most that can be claimed from the testimony is that the defendants should, as good and vigilant business men, bring the contract between them and McKinley to a close in due time, get from him the money and notes and chattel mortgage that he was to pay and give, and turn over to the plaintiff his part thereof. If McKinley would not, on due endeavor by the defendants, pay money or give notes, the defendants were not to be holden to the plaintiff in his stead. Whether the defendants made due endeavor is not a question

that need be determined at this time. Whatever was their agreement, and however they have performed or failed to perform it, it is clear that they never accounted together with the plaintiff, and on a balance being found against them, undertook to pay it. It is clear that no account was ever rendered showing a balance, that they ever by express promise or impliedly, agreed to pay. The evidence that is closest to showing a liability on their part, assented to by them, is the payment of moneys so that the balance due from them at some times was less than the amount of the McKinley matter. This does not seem to have been urged upon the trial. Such an inference, therefore, is inconsistent with the clear weight of the evidence. It is fair to suppose that these payments . in advance, as it were, were made in the usual course of dealing of the parties, and were not meant to reduce an indebtedness for the goods delivered for McKinley. The only possible question that can be raised on this part of the case is whether the trial court should not have left the case to the jury. Yet a verdict of a jury for the plaintiff, as for an account stated, would not have been permitted to stand ; for it would have been without warrant from the evidence.

The plaintiff wholly failed to make out the cause of action sued upon. He asked no amendment of the pleadings. It was right to dismiss the complaint for the failure to make proof of what it averred.

It is urged that as the averments of the answer show the true contract between the parties, as shown by the proofs, the complaint may now on appeal be amended so as to conform to the proofs, and judgment be given thereon for the plaintiff; and *Bate* v. *Graham* (11 N. Y. 237), *Pratt* v. *H. R. R. R. Co.* (21 id. 313), and *Haddow* v. *Lundy* (59 id. 320) are cited. Those were cases of a recovery by the plaintiffs below and an appeal by defendants to this court. We may not amend the pleadings on appeal so that we may reverse a judgment.

Some exceptions were taken upon the admission of evidence.

They do not call for a reversal of the judgment, and it should be affirmed.

All concur.

Judgment affirmed.