AUSTIN v. RICKER.

Where goods consigned to a commission merchant are sold, and a statement of the sales, with an order on a third person to balance the account, is sent to the consignor, he is bound by the account rendered as by an account stated, unless within a reasonable time he notifies the consignee that he objects.

The question of what is a reasonable time in such cases is a question of fact to be determined by the trier of the facts.

ASSUMPSIT, to recover the proceeds of goods sold on commission.  Facts found by a referee.  The plaintiff sent the goods from Canaan, Vt., to the railroad at North Stratford, N. H., by one Green, and he forwarded them thence to the defendant, with a letter requesting the defendant to sell them and send the money

to Canaan in care of Green. The goods reached the defendant November 1, 1871. He sold them, and, December 28, 1871, sent the plaintiff an account of the sales, with an order on Green for the balance, which the plaintiff received. On this account the plaintiff was charged with the amount of the order, and credited with the balance due for the goods sold, making the debit and credit sides of the account balance. The plaintiff, having kept the order two or three weeks, called upon Green, who declined to pay it. The plaintiff did not return the order, and did not notify the defendant of Green's refusal to pay the order, or of any dissatisfaction with the account as stated, within a reasonable time. Green was owing the defendant more than the amount of the order.

*J. H. Dudley*, for the plaintiff. The plaintiff consigned to the defendant certain butter and skins for sale, with specific instructions as to how the proceeds should be sent to the plaintiff. The letter requested the defendant to send "the money to Canaan, Vermont, in care of Green." The defendant was bound to comply with the instructions of his principal. This was not an account between merchants, or a running account between individuals, but the defendant was the factor of the plaintiff, and was bound to follow specific instructions. Story Ag., ss. 38, 110; *Evans* v. *Root*, 7 N. Y. 186; *Day* v. *Crawford*, 13 Ga. 508. He is bound to obey positive instructions precisely. If the factor has any instructions how to dispose of the goods, and has made no advances on them, he is certainly bound by these instructions. He is equally bound to remit according to instructions. 1 Par. Cont. 94. Having given his factor specific instructions, and the factor having failed to comply with the same, the plaintiff is not bound to accept a different course of procedure; nor could the factor bind his agent by making charges on his book, and sending an account of sales to the plaintiff as an account stated. There are no equities here in favor of the defendant. He had the property, received his pay for it, had his pay at his own price for doing the business, had specific instructions as to how the proceeds should be remitted and failed to follow instructions of his principal, and now attempts to purge himself of his neglect by saying that he charged the amount of the bill to the plaintiff and credited it to Green. The law will not assist the defendant to collect his poor debts against Green by taking the amount out of the plaintiff in any such manner. The plaintiff was no more bound to accept or even take notice of the Green order than if it had been blank paper.

*Ray, Drew & Jordan*, for the defendant. The plaintiff kept the order two or three weeks, and then called on Green to pay it. Green at that time refused. The plaintiff never returned the order or statement to the defendant; never notified him that

Green declined to pay the order; and not until September 24, 1872, nine months after he received the statement and order, did he write the defendant or make any claim upon him. This was the first notice to the defendant that there was objection to his account rendered the December before. It was too late. The statement thus sent had become an account stated. When the plaintiff received the account, he no doubt examined it: at any rate he was bound to examine it, and if not found to be correct, to notify the defendant within a reasonable time wherein it was wrong. The referee has found that he did not do it.

When no objection to an account rendered is made within a reasonable time, silence will be construed into an acquiescence in its justness, and the party receiving it will be bound by it as a stated account. *Rich* v. *Eldredge*, 42 N. H. 158, 159; Sto. Eq. Jur. (10th ed.) 526; *Tharp* v. *Tharp*, 15 Vt. 109; *Lockwood* v. *Thorne*, 11 N. Y. 173, 174; *Stenton* v. *Jerome*, 54 N. Y. 484, 485; *Avery* v. *Leach*, 9 Hun 107; *Case* v. *Hotchkiss*, 3 Keyes 334; *Powell* v. *Pacific R. R.*, 65 Mo. 658; *Darby* v. *Lastrapes*, 28 La. 605; *Freeland* v. *Heron*, 7 Cranch 147; *Wiggins* v. *Burkham*, 10 Wall. 129; *Toland* v. *Sprague*, 12 Pet. 300; *Lupton* v. *Janney*, 13 Pet. 381; *Murray* v. *Toland*, 3 Johns. Ch. 569; *Bruen* v. *Hone*, 2 Barb. 586; *Philips* v. *Belden*, 2 Edw. Ch. 1. The plaintiff's signature to the account, or express admission of its correctness, was not necessary. It was sufficient that he received it, retained it beyond a reasonable time under the circumstances, and, according to the usage of the business engaged in, omitted to object to any items therein contained until he was guilty of unreasonable delay. *Terry* v. *Sickles*, 13 Cal. 427; *Beers* v. *Reynolds*, 12 Barb. 288; *White* v. *Hampton*, 10 Iowa 238; *Brown* v. *Vandyke*, 8 N. J. Eq. 795.

STANLEY, J. The plaintiff, if he did not accept the account rendered as a correct statement of the account between himself and the defendant, was bound to notify him within a reasonable time of his objections. No objection being made within a reasonable time, the defendant was justified in treating the plaintiff's silence as an admission that the account as rendered was just and true, and that he was willing to be bound by it. *Rich* v. *Eldredge*, 42 N. H. 151, 158; *Lockwood* v. *Thorne*, 11 N. Y. 170, 174—*S. C.*, 18 N. Y. 285; *Philips* v. *Belden*, 2 Edw. Ch. 1; 1 Sto. Eq. Jur., s. 526.

The question what was a reasonable time was one of fact, to be found by the referee. *Tyler* v. *Webster*, 43 N. H. 147, 151; *Lawrence* v. *Ocean Ins. Co.*, 11 Johns. 241; *Aymar* v. *Beers*, 7 Cow. 705; *Ellis* v. *Thompson*, 3 M. & W. 445; Proffatt Jur. Tr. 288, *note* 6; Stark. Ev. 775. On this question the finding of the referee is adverse to the plaintiff.

*Judgment for the defendant.*

DOE, C J., did not sit: the others concurred.