ORANGE COUNTY.—Hon. R. C. COLEMAN, Surro-
GATE.—April, 1884.

WRIGHT v. BEIRNE.

*In the matter of the estate of* JOHN BEIRNE, *deceased.*

An administrator may, at any time before he has distributed the assets to
claimants, make such an admission of the validity of a claim as will
bind him and all persons interested in the decedent's estate.

An alleged creditor of decedent's estate having presented a petition,
under Code Civ. Pro., § 2726, praying for an accounting by the admin-
istrator, the latter, upon the return of the citation, filed an account
showing that there were no assets applicable to the alleged claim,
and annexed a schedule, stated to be "claims of creditors presented,"
including that of petitioner. Upon the filing of the report of the
referee to whom the account was referred disclosing assets applicable
to the payment of debts, respondent served on petitioner a written
notice rejecting her claim. At this time he had held the claim for a
year, without giving notice that it was disputed.—

*Held,* that the administrator was estopped from disputing the claim,
as well by filing an account upon petitioner's demand, without
contesting her right to compel him to render the same, as by his
silent retention of the claim after presentation; and that a decree
must be entered directing payment to the petitioner.

The analogy between an "account stated," as between debtor and
creditor, and an account filed by the representative of a decedent's
estate at the instance of a claimant, pointed out.

*It seems,* that, after an administrator, by filing, at the instance of an
alleged creditor, an account including the latter's claim, has for-
mally admitted the validity thereof, the Surrogate may, upon suffi-
cient cause shown, allow the record of the proceedings to be
amended so as to reinstate the accounting party in a position to dis-
pute the claim, as upon an application to open a decree and allow a
new accounting.

PETITION by Mary F. Wright, an alleged creditor of
decedent's estate, to compel Edward C. Beirne, the ad-

ministrator thereof, to render and settle his account.
The special proceeding was instituted under Code Civ.
Pro., § 2726.   The facts appear sufficiently in the
opinion.

AMOS VAN ETTEN, JR., *for petitioner.*

T. J. & J. W. LYON, *for administrator.*

THE SURROGATE.—In this case, a petition was filed by
a creditor, asking for an accounting by the administra-
tor of the deceased.   On the return of the citation,
the administrator filed an account, in which it ap-
peared that there were no assets with which to pay the
petitioner's claim, and in which the administrator stated
that annexed "are claims of creditors presented."
Among the claims, so annexed, is the claim of the peti-
tioner ; to this account the petitioner filed exceptions ;
a reference was ordered and proof taken before the
referee, both parties appearing in person and by attor-
neys. On the coming in of the report, showing additional
assets applicable to the payment of debts, the adminis-
trator served the petitioner with a written notice, re-
jecting her claim.

It is now claimed, on behalf of the administrator, that
the petitioner's claim is disputed, and that these pro-
ceedings should be arrested and held to await a legal
disposition of the claim by reference under the statute,
or otherwise.   The petitioner says it is too late to dis-
pute the claim, and asks that a decree be entered set-
tling the administrator's account, and directing pay-
ment of her claim, or so much of it as she may be en-
titled to.   These proceedings were not taken under
sections 2717 and 2718, and the administrator was not,

therefore, required to file the written answer there mentioned.

The question before the Surrogate is whether the administrator can, at this stage of these proceedings, dispute the petitioner's claim.   The administrator, at any time before he shall have made distribution to claimants, may make such an admission of the validity of the debts as will bind him and all parties interested in the estate (McClellan, Surr. Prac., *443;* Matter of Phyfe, *6 N. Y. Leg. Obs., 331*).

Can the administrator also reject a claim at any time before distribution?   There are a number of decisions in the books, upon the subject of what amounts to an admission or rejection of a claim by an administrator or executor; they do not help us in this case; here we have an unequivocal rejection in form.   The courts, in passing upon the question of whether an administrator has admitted or rejected a claim, seem to consider the position analogous to that of an ordinary account stated, or settled between two individuals.   The analogy, while not complete, is probably near enough to apply the rules of law in the one case to the other.   For instance, a creditor may be permitted to gather, from acts of the administrator, that his claim has been admitted so as to become, in a sense, an account stated;   and I am of the opinion that, when the administrator filed his account, in response to the citation, without disputing the petitioner's claim, he so admitted it, if he had not already done so in his account.

In Lockwood v. Thorne (*18 N. Y., 285*), it is clearly decided that the effect of an account stated is simply that of an admission that the account was correct, but

that it was still open to impeachment for mistakes or errors, and that it was not an estoppel; so that, although this may be an account stated, as claimed by the petitioner, yet the administrator might, for cause shown, be permitted to dispute the petitioner's claim ; but when the administrator came into this court and failed to dispute the petitioner's right to compel him to account, he did more than simply admit the claim as an account stated ; he admitted the right of the petitioner to compel him to account, which became a matter of record of this court ; and by such record he is estopped from disputing the claim.

The Surrogate might, upon a proper case being presented, allow the record of the proceedings to be amended, so as to reinstate the administrator in his position at the return of the citation, the same as upon a proceeding to open a decree and allow a new accounting ; but while the record remains as it is, the administrator must be held to be estopped. Then, too, the petitioner, by the fact that the administrator has held the claim for a year without giving notice that it was disputed, was warranted in instituting these proceedings, and was suffered to go to the trouble and expense of gathering evidence to use upon the reference, for the purpose of showing additional assets belonging to the estate, not included in the account. This should also estop the administrator from now disputing the claim.

A decree will, therefore, be entered, adjusting the administrator's account, as filed, and directing payment to the petitioner.