HENRY SAMSON *et al.*, Respondents, *v.* JOSEPH FREEDMAN, Appellant.

*Court of Appeals, June* 1, 1886.

*Account stated. Presumptive.*—An account of sale of goods, which consists of few items, and upon which, after its receipt, payments have been made by the purchaser, is an account stated, and the law raises from such facts an implied agreement to the correctness of the account. An account thus stated is not conclusive upon either party, but is only presumptively correct, and may be impeached for any error induced by fraud or mistake.

Action brought to recover a balance claimed to be due upon an account stated.

Appeal from an order of the general term of the court of common pleas of New York, receiving the judgment entered upon the report of a referee, and granting a new trial.

*Melville H. Regensburger*, for appellant.

*James Dunne*, for respondent.

EARL, J.—This action was brought to recover a balance claimed to be due upon an account stated. The answer to the complaint is substantially a general denial. There is not much dispute about the facts, and they are substantially as follows : The plaintiffs were partners, carrying on a business in England, and the defendant was a merchant doing business in the city of New York. At various times during the years 1880 and 1881, the plaintiffs and defendant had dealings with each other, consisting of sales of merchandise by plaintiffs to defendant on credit, and of sundry payments to plaintiffs by defendant on account thereof. On the 1st of July, 1880, there was a balance due the plaintiffs from the defendant, upon their dealings, of

£1,440 11s. 4d., and on the 27th day of the same month the plaintiffs shipped to the defendant upon his order nine cases of goods, which reached New York on the 9th of August, and were put into the custom house. These goods were invoiced at the agreed price of £679 8s. 6d., and were taken from the custom-house by the defendant as follows: Four cases October 4, 1880; and one case at each of the following dates in 1881: May 25th, August 27th, September 6th, October 5th, and November 5th. On the 4th day of January, 1881, the plaintiffs sent to defendant by mail a written statement of their account against him, in which he was charged with the balance due plaintiffs July 1st, and the invoice of goods shipped July 27th, and some items of interest and expenses, and he was credited with two payments of £500 each, made in August and November and which showed a balance due the plaintiffs of £1,169 0s. 8d. The account was inclosed in a letter, in which the defendant was requested, if he found it correct, to carry the balance forward to the new account in conformity, and to return the conformation inclosed, which was as follows:

"I beg to acknowledge the receipt of your account current showing a balance of £1,169 0s. 8d. per 31st December, 1880, in your favor, which I transfer to the new account in conformity. [Date and signature.]"

The defendant received these papers by mail in due course, but did not sign or return the proposed conformation. Subsequently the agent of the plaintiffs in the city of New York called upon the defendant in reference to the account, and on one of the occasions the defendant told him that he had remitted the whole of the account, except about forty pounds due for interest, and that he had requested of plaintiffs a statement. After receiving the account, on the 15th day of January, 1881, the defendant sent to the plaintiffs £500, which he requested to have placed to his credit. On the 21st day of February he sent ot them another sum of £500, and requested to have the

same placed to his credit, and, in his letter inclosing the draft, he said:

" There are still a few pounds due you, providing the goods still on hand (and I have quite a lot there still from your shipments) are up to the contract. I shall withdraw them shortly and determine all about it."

On the 23d day of March he wrote a letter to the plaintiffs, notifying them that, upon investigation, the entire invoice of goods shipped July 27th was inferior to the samples upon which the goods were bought, and that he demanded as damages £847, 14s, 1d., and that the goods were held subject to their order on the payment of that sum. The defendant at no time disputed the correctness of the account, and never made any objection thereto except the one stated in his letter of March 23d.

The sole question for our determination is whether there was an account stated. We think the court at general term did not err in holding there was. The goods had been subject to the control and inspection of the defendant for five months before he received the account. He had had four cases of them in his actual possession for three months. The account was a short one, composed of few items. Immediately after its receipt he paid £500 thereon, a portion of which was necessarily applicable to the goods last shipped. More than a month later he sent another payment upon the account, in which he acknowledged that there was a balance still due, provided the goods still on hand were " up to the contract." There was no express agreement upon the account by a mutual looking over the same. But the law raises from such facts an implied agreement to the correctness of the account. Lockwood v. Thorn, 18 N. Y. 285, 292; Stenton v. Jerome, 54 Id. 484; Quincey v. White, 63 Id. 370, 377; Young v. Hill, 67 Id. 162, 172; Sharkey v. Mansfield, 90 Id. 227. An account thus stated is not conclusive upon either party, but is simply *prima facie* presumptively correct, and may be impeached for any error

induced by fraud or mistake. Even by what was said in the letter containing the last payment, the defendant asserted that the account was correct, and the only right he reserved was to impeach it if the goods were not up to the contract. That right he would have had if it had been not expressly reserved. If he could show that upon subsequent examination he discovered for the first time that the goods were not up to the contract, he could have alleged the facts in his answer, and have recouped his damages. The plaintiffs did not place the defendant at a greater disadvantage by suing him upon an account stated than they would if they had sued him upon an open account for the goods sold, claiming the balance due, because by neither form of action could they cut off his counterclaim for breach of warranty, which was the only defense left to him, the goods having been received by him.

A stipulation appears in the record, allowing the defendant to amend his answer by setting up his damages, or to commence an action to recover his damages; plaintiff's attorney agreeing to accept service of process in such action; that action and this to be tried at the same time, before the same referee. The defendant did not avail himself of that stipulation, and it is therefore a just inference that he had no cause of action against the plaintiffs, and that, therefore, no injustice has been done to him by holding that there was a stated account, and thus that the balance claimed was *prima facie* presumptively due the plaintiffs.

We think the order of the general term should be affirmed, and judgment absolute ordered against the defendant, with costs.

All concur.