373; *Hagan* v. *American Baptist Society,* 6 N. Y. State Rep., 212, 217, and the cases cited.)

MACOMBER and CORLETT, JJ., concurred.

Judgment of County Court of Erie county appealed from affirmed, with costs.

---

57   51
40ap111

EMMETT STEPHENS, RESPONDENT, *v.* MARSHALL J. AYERS, ADMINISTRATOR, ETC., APPELLANT.

*Account stated — what evidence is required to establish it.*

It is essential to the establishment of an account stated, that the party to be charged should either expressly or by implication admit the correctness of the account as a valid claim against him.

Evidence that a party against whom an account was presented began by expressing surprise at the amount of a bill, then declared that it belonged to another person to pay it, then suggested a possible defense or counter-claim, and ended by a naked promise to pay it and avoid trouble, does not establish, as against him, an account stated. An account stated consists not of a promise to pay, but of an admission that an account is just and true.

APPEAL by the defendant from an order, entered in the clerk's office of Steuben county on the 30th day of November, 1889, denying defendant's motion to confirm the report of a referee and granting the claimant's motion for a new trial.

The order was made at a Special Term, held in the county of Monroe on the 25th day of November, 1889, in the case of a reference, under the statute of a disputed claim against the estate of Thomas Hallett, deceased.

*Eli Soule,* for the appellant.

*De M. Page,* for the respondent.

DWIGHT, P. J.:

The claim referred was against the estate of Thomas Hallett, deceased, as upon an account stated in his lifetime. The evidence in support of it was the testimony of an attorney who presented a statement of the account to Mr. Hallett a month before his death, and who gave the following version of what took place : " I think he took it and looked at it, and said that the account was larger than he thought it was, and said that Perry ought to have paid it. I said that I did not know anything about that, but that it was left with me to sue if not paid at once. He said Emmett better not sue it as he was carrying a watch that was his (Hallett's). I said that had nothing to do with it as my instructions were to sue it. He then says, I will see Emmett and pay it, I will have no trouble about it." This narrative, substantially repeated on cross-examination, is all the evidence in the case in support of the plaintiff's claim. We think it falls short of establishing an account stated between the plaintiff and the deceased.

It is essential to an account stated that the party to be charged should, either expressly or by implication, admit the correctness of the account as a claim against him. In this case the deceased began by expressing surprise at the amount of the bill ; then declared that it belonged to another person to pay it ; then suggested a possible defense or counter-claim, and ended by a naked promise to pay it to avoid trouble. All this, it is true, he might have done if the indebtedness had been his own and the amount undoubtedly correct ; but what he said was no admission of either of those facts, while his promise to pay rather than have trouble indicated an unwillingness to concede that the account represented a just debt which he was bound to pay. Moreover, the account, as presented to the administrator, showed on its face that the principal item originated in transactions between the plaintiff and Perry Hallett, the person mentioned by the deceased as the one who ought to have paid the account. The item referred to is as follows :

" Sept. 1, 1882. To amount due on dissolution of partnership between Perry J. Hallett and Emmett Stevens, $112.00."

PEOPLE ex rel. NIAGARA FALLS CO. v. RUSSELL. 53

Fifth Department, June Term, 1890.

The item is entirely unexplained by the evidence; there is nothing to suggest a reason why Thomas Hallett should have been asked to pay it. In order to charge his estate with its payment after his death, on the principle of an account stated, the evidence of his admission of its correctness, as a charge against him, should be clear and unequivocal.

Of course, there could be no recovery upon the promise of the deceased as such. An account stated consists not in a promise to pay, but in an admission that the account is just and true. The promise is of no effect except by way of admission that the debt is that of the promissor. If it is that of another, such a promise is without consideration and void by the statute of frauds.

The evidence being undisputed, it was a question of law whether the facts constituted an account stated. (*Lockwood* v. *Thorne*, 18 N. Y., 285, 288.) We think the referee was justified in this case in holding that an account stated was not established, and that his report dismissing the claim should have been confirmed.

The order of the Special Term should be reversed and the report of the referee confirmed.

Macomber and Corlett, JJ., concurred.

Order of Special Term reversed and the report of the referee confirmed, with costs of this appeal and of the Special Term.