(26 Misc. Rep. 157.)

## MOSS v. LINDBLOMM et al.

(Supreme Court, Special Term, New York County. January, 1899.)

1. ACCOUNT STATED—PLEADING—DEMURRER.
     A complaint averring that an account was stated between the parties, and a balance found due from defendant to plaintiff, without alleging any prior transactions between them, nor any promise to pay, is bad on demurrer.

2. ASSIGNEE FOR BENEFIT OF CREDITORS—PERSONAL OBLIGATION.
     Neither a general nor particular assignee can bind his assignors to a personal obligation, nor beyond the distribution of the assigned property.

Action by Joseph L. Moss, Jr., against Robert Lindblomm and others. Demurrer to complaint sustained.

Seward Baker, for plaintiff.
L. A. Gould, for defendants.

RUSSELL, J. The effective legal operation of an account stated springs from the basis of previous dealings between the parties. Without them, the stating rests upon no consideration of legal im-

port. There is in the complaint no allegation of any prior business transaction between the parties, and not even an averment of a promise to pay, which was essential, even under common-law pleadings. 1 Chit. Pl. 358; 2 Chit. Pl. 90. Hence an averment that "an account was stated between the parties," and a balance found to be due from defendants to plaintiff, is not of itself the assertion of a legal obligation. But even this allegation is impaired by qualification. It is averred that the stating of accounts was made by the account or statement "hereto annexed." That appendix shows a speculative transaction, and a balance stated, and it is signed only by "Royal Trust Co., Assignee of Robert Lindblomm & Co. Phillip." The assignee, whether deriving authority by general or particular assignment, cannot bind defendants to the obligation of personal enforcement, or beyond the distribution of the property passed by the assignment. Hence the stating of an account by the assignee or its clerk affects only the dividend to be received from the assignee, and does not conclude the defendants as to their personal obligations. Volkening v. De Graaf, 81 N. Y. 268; Stenton v. Jerome, 54 N. Y. 484.

The substance of this memorandum was written before the decision of the appellate division affirming the order denying the motion to vacate the attachment, and I submit these views with some hesitation on that account. But the same particularity of statement in an application for an attachment is not required as is essential to test on demurrer a complaint averring the facts forming the cause of action. Goldmark v. Metal Co., 28 App. Div. 264, 271, 51 N. Y. Supp. 68. Otherwise the decision of the appellate division would require a different determination than that here announced.

Judgment directed for defendants on demurrer to complaint, with leave to amend on payment of costs since service of demurrer. Ordered accordingly.