### SPELLMAN v. MUEHLFELD.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

ACCOUNT STATED—ACTION—SUFFICIENCY OF EVIDENCE.

In an action on an account stated, brought by the receiver of a dissolved corporation against its president, plaintiff offered in evidence a ledger of the company, showing a balance due from defendant as claimed; a petition for voluntary dissolution of the company, verified by defendant, and containing such item among the list of assets; and testimony of a bookkeeper of the company, who made the entry in the ledger, that the entries were made by the direction either of defendant or the secretary of the company, and that defendant frequently saw, or could have seen, the entry. Defendant denied that an account had been stated between him and the company, and that the account had been entered in the ledger without his knowledge or consent. He claimed that he had verified the petition for dissolution without reading it. *Held*, that the evidence was insufficient to show an account stated.

Appeal from trial term, New York county.

Action by John H. Spellman, receiver, against Frank Muehlfeld. From a judgment dismissing the complaint, and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John Delahunty, for appellant.
John J. O'Connell, for respondent.

McLAUGHLIN, J. This action was brought to recover upon an account stated. The complaint charged that "on the 14th of June,

1896, at the city of New York, an account was stated between the said Muehlfeld & Haynes Piano Company and the defendant, and upon which statement a balance of $1,562.60 was found to be due from the defendant to said company." The answer was a general denial. Upon the trial, the plaintiff, to establish the allegations of his complaint, offered in evidence page 344 of the ledger of the Muehlfeld & Haynes Piano Company, which was an account between the company and the defendant, and it showed a balance of $1,562.60 due from the defendant to the company. He then produced a witness, who testified that at and for some time prior to the time the plaintiff was appointed receiver he was the bookkeeper of the Muehlfeld & Haynes Piano Company, and had charge of the ledger referred to; that the entries upon the page thereof which had been introduced in evidence were made by him, either by the direction of the defendant, who was the president of the company, or by the direction of one Haynes, who was its secretary and treasurer; that the book was under the control of the defendant, as president; that he frequently saw it, or could have seen it, if so desired. The plaintiff also offered in evidence the petition for the voluntary dissolution of the Muehlfeld & Haynes Piano Company, with the schedules attached. The petition was verified by the defendant, and in the list of assets mentioned in the schedules was an item of indebtedness of $1,562.60 from the defendant to the company. This was substantially all the evidence adduced by the plaintiff to establish the allegations of the complaint that an account had been stated between the defendant and the piano company. The defendant was a witness in his own behalf, and he testified that an account had never been stated between him and the Muehlfeld & Haynes Piano Company, and that he had never agreed that there was due from him to the company the sum of $1,562.60, or any other sum; that the balance appearing upon the page of the ledger offered in evidence had been struck and brought down without his knowledge or consent; that the schedules referred to were made out by his attorneys; and at the end he signed and verified the petition, he believing they were correct. He produced a witness by the name of Brunner, who, after stating that he had had charge of the books of the corporation from the time of its incorporation until it passed into the hands of the receiver, was permitted to testify, against the plaintiff's objection and exception, that the defendant was indebted to the plaintiff only in the sum of $1,109.31. At the close of the whole case the trial justice, upon motion of the defendant's counsel, dismissed the complaint, and in doing so we think no error was committed. The action, as has already been said, was upon an account stated. The plaintiff was not entitled to recover unless he proved that an account had in fact been stated, and a balance struck, and that such balance had not been paid. As was said in Volkening v. De Graaf, 81 N. Y. 268:

"To maintain the action as averred in the complaint, the plaintiff must prove an account stated. That, and nothing else, will support his allegations. An account stated is an account balanced and rendered, with an assent to the balance, expressed or implied; so that the demand is essentially the same as if a promissory note had been given for the balance."

The plaintiff did not establish that an account had been stated, and a balance agreed upon, which was alike binding upon the piano company and the defendant. The fact that the bookkeeper of the corporation struck a balance upon the corporation ledger, which the defendant may have seen, and that the defendant subsequently, in proceedings for the dissolution of the corporation, made a written statement that a sum corresponding with that balance was due from him to the corporation, is quite insufficient to establish the fact that an account had been stated between the parties. To constitute an account stated two things must concur: (1) There must be a mutual examination of the claims of the respective parties, and a balance struck; and (2) there must be an agreement, either expressed or implied, that that balance is correct, and that the party against whom it is found will pay it. The minds of the parties must meet upon the allowance and disallowance of the claims, and they must mutually agree upon a final adjustment of them. Lockwood v. Thorne, 18 N. Y. 285; Volkening v. De Graaf, 81 N. Y. 268. It would hardly be contended that the statement made by the defendant in the petition for the voluntary dissolution as to the sum due from him to the corporation would bind the corporation, or prevent it from enforcing a larger claim, if it had one. Neither would it be contended that the bookkeeper had the power, by virtue of his position, to preclude the parties from enforcing their respective legal rights simply by making an entry or striking a balance in the corporation ledger (Harvey v. Railway Co., 13 Hun, 392); nor that the defendant could discharge himself from his obligation to pay the corporation what was due from him to it by directing the bookkeeper to bring down a false or fictitious balance. Balancing an account in a book over which one person has supervision and control does not, in and of itself, constitute an account stated, unless there is evidence that the balance was struck with the consent of the other party. Nostrand v. Ditmis, 127 N. Y. 355, 28 N. E. 27. Here there was no evidence showing or tending to show that the corporation had ever agreed to the balance struck, or that it ever assented to the statement made by the defendant as to the amount due from him to it. It was not precluded by the entry or the statement, and could, irrespective of them, enforce its claim against the defendant for whatever sum might be due from him to it. The plaintiff, therefore, failed to establish the allegations of his complaint that an account had been stated between the corporation and the defendant, and for that reason the complaint was properly dismissed. This conclusion renders it unnecessary to pass upon the other questions raised.

The judgment and order appealed from must be affirmed, with costs. All concur.