HATCH v. VON TAUBE.

(City Court of New York, General Term. March 2, 1900.)

1. ACCOUNT STATED—PLEADING.

An allegation that an account was stated between plaintiff and defendant, upon which a certain balance was found due, is sufficient, although it states a conclusion.

2. SAME.

Mere presentment of an unitemized statement of a balance due on an account rendered, and a demand of payment, and the payment of a sum on account, do not constitute an account stated.

Appeal from trial term.

Action by Edward P. Hatch against Gustave Von Taube on an account stated. From a judgment dismissing the complaint, and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Henry Tompkins, for appellant.

Elias Rosenthal, for respondent.

O'DWYER, J.   The complaint alleged that on or about the 6th day of April, 1895, an account was stated between plaintiff and defendant; that upon such statement a balance of $132.12 was found due to the plaintiff from defendant; that the defendant then and there promised to pay said sum to the plaintiff, and then and there, to wit, on or about said 6th day of April, 1895, paid to the plaintiff on said account the sum of $5.   The better form of pleading is to state that the parties had an accounting, and then the result, instead of the legal deduction; but, under the liberal rule affecting the construction of pleadings, we hold that plaintiff's complaint contained a sufficient statement of a cause of action upon an account stated.

In support of the allegations of the complaint, the witness Otto testified that he called upon the defendant in April, 1895, and told him that he represented Lord & Taylor, and that he called upon him to collect the account, that was overdue; that the defendant offered him in payment a lot of books, which the witness told him he would decline, and would not accept anything like that; that he had a statement with him that called for the account due, and the old balance that was due, in the following form: "Balance due on amount of account rendered, $132.12;" that he handed that statement to the defendant, and told him that, if he would not make any payment, Lord & Taylor would bring suit, and defendant then paid $5 on the account.   He further testified, "I only accepted the $5, and I told him I would call every month;" and on cross-examination he testified, "I remember defendant told me he was going to pay the whole bill."   The other evidence introduced by the plaintiff in no way adds to the value of Mr. Otto's testimony. The complaint was then dismissed upon the ground that the plaintiff had failed to make out a cause of action.   To maintain the action as averred in the complaint, the plaintiff must prove an account stated.   That, and nothing else, will support his allegations. An account stated is an account balanced and rendered, with an assent to the balance, expressed or implied; so that the demand is essentially the same as if a promissory note had been given for the balance.   Volkening v. De Graff, 81 N. Y. 268.   To constitute an account stated, two things must occur:   (1) There must be a mutual examination of the claims of the respective parties, and a balance struck;   and (2) there must be an agreement, either expressed or implied, that that balance is correct, and that the party against whom it is found will pay it.   The minds of the parties must meet upon the allowance and disallowance of the claims, and they must mutually agree upon a final adjustment of them.   Lockwood v. Thorne, 18 N. Y. 285.   The paper handed defendant was not a copy of the plaintiff's account, but a mere statement of an alleged balance due upon an account already rendered.   No items were furnished, no opportunity to examine the items that constituted the account given, and there is no evidence that at any time prior to April, 1895, was the defendant furnished with an account showing the items.   All that the plaintiff established was that at or about April 6, 1895, his collector called upon the defendant with

a statement showing a balance due, and demanded payment thereof, and that after threatening suit he received a small sum on account. Applying the rules laid down in the cases cited herein, the evidence introduced by the plaintiff in support of his contention is insufficient to establish that an account had been stated, and a balance agreed upon, which was alike binding on the plaintiff and the defendant.

A dismissal of the complaint was proper, and the judgment and order appeal from should be affirmed, with costs. All concur.