### LEISER v. McDOWELL et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. ACTION FOR BALANCE DUE—ACCOUNT STATED—FAILURE OF PROOF—PLEAD-
   .INGS.
   In an action for a balance due from defendant's testator on an ac-
   .count, the complaint alleged that an account was taken and stated be-
   .tween plaintiff and deceased on a certain date, and that payments had
   thereafter been made until the amount sued for was due at the time of
   suit. The evidence showed that the statement of account on the date
   .alleged was between deceased and plaintiff's attorney, and that plaintiff
   had no knowledge thereof until some years later, when she accepted it
   .as correct. *Held*, that the fact that the statement of account did not
   .come to the attention of plaintiff until some time after it was made was
   not a failure of proof of an account stated so as to defeat the action,
   but that, since the action was not technically upon an account taken and
   :stated, but for a balance due, the allegation and proof of the alleged
   statement of account was merely evidence supporting the allegation as
   to the balance due.

2. SAME—AMENDMENT TO ACCORD WITH PROOF.
   The evidence as to the statement of the account between deceased and
   plaintiff's attorney, and plaintiff's subsequent assent thereto, having been
   admitted without objection, the pleadings might properly be deemed to
   have been amended to accord with the proof, under Code Civ. Proc. §
   723, providing that the court may conform the pleading to the facts
   proved where such amendment does not substantially change the claim
   or defense.

3. SAME—ASSENT.
   To give binding force to an account stated, both parties need not have
   knowledge of or give assent thereto, but it is only necessary that it shall
   be assented to by the party to be charged.

Appeal from trial term, Kings county.

Action by Emma Leiser against Alice Sutcliffe McDowell and another, as executrices of the will of Albert McDowell, deceased. From .a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George B. Class (Roswell S. Nichols, on the brief), for appellants.
Paul Eugene Jones (Charles J. Dodd, on the brief), for respondent.

WOODWARD, J. The plaintiff brought this action against the .defendants, as executrices of the last will and testament of Albert McDowell, deceased, to recover the sum of $1,482.45; being a balance alleged to be due the plaintiff from defendants' testator. The .complaint alleges:

"That prior to April 5, 1895, Albert McDowell was indebted to plaintiff upon a balance of account for money loaned to him; that on or about April 5, 1895, an account was taken and stated between plaintiff and said Albert McDowell, deceased; that upon such statement a balance of ($3,476.89) thirty-four hundred seventy-six and 89/100 dollars was found due to the plaintiff

from said Albert McDowell, deceased, which sum he promised and agreed to pay, and has from time to time made certain payments on account thereof, leaving a balance unpaid and due to the plaintiff of fourteen hundred eighty-two ⁴⁵/₁₀₀ ($1,482.45) dollars, no part of which has been paid, although payment thereof has been duly demanded."

Upon the trial of the action the plaintiff was permitted to prove, without any suggestion that the evidence was not within the pleadings, that in September, 1898, Albert McDowell sent for one Jones, who had acted and is still acting as the plaintiff's attorney, and stated to him that on April 5, 1895, he (Mr. McDowell) had struck a balance of his indebtedness to the plaintiff, and found that on that day he owed her $3,476.89; that he asked Mr. Jones to see the plaintiff and arrange with her for the payment of this balance. The plaintiff testified that in September, 1898, shortly after the death of Albert McDowell, Mr. Jones communicated to her the conversation he had had with Albert McDowell, and that the plaintiff stated to Mr. Jones that it was satisfactory to her to settle her accounts with Albert McDowell on the basis of the balance struck by him on April 5, 1895. She also testified that between April 5, 1895, and September, 1898, Albert McDowell made payments on account of his indebtedness to her, so that the amount actually due at the time of the testator's death was $1,482.45. The defendants admitted by their answer that Albert McDowell did owe the plaintiff money which he had borrowed from her, and that he made payments on the same from time to time, but denied having sufficient knowledge to form a belief as to whether an account was taken and stated at the time alleged in the complaint, and that upon such statement there was found to be due the amount alleged. They also denied, upon information and belief, that the sum of $1,482.45, or any sum, is now due and owing the plaintiff from the estate of Albert McDowell; and they alleged, on information and belief, that the indebtedness has been fully paid and satisfied. They also alleged that the six-months statute of limitations operated as a bar to the action. The defendants offered no evidence in support of their contentions, and, at the close of plaintiff's case, moved for a dismissal of the complaint on the ground "that the complaint sets forth an account taken and stated between the plaintiff and the defendant on April 5, 1895, whereas the proof of plaintiff herein sets forth an account stated as of September, 1898." The court, upon the motion of plaintiff, directed a verdict for the amount claimed by the plaintiff; and from the judgment entered, appeal comes to this court.

This appeal proceeds upon the theory that the plaintiff having alleged that an account was taken and stated between plaintiff and defendants on or about the 5th day of April, 1895, and the proof showing that the fact of such statement not having come to the attention of the plaintiff until after the death of Mr. McDowell in 1898, there was no meeting of minds, and that there was therefore a failure to show a technical taking and stating of accounts. If we read the pleadings aright, the action was not a technical action upon an account taken and stated, but for an amount of money due to the plaintiff from the defendants' testator, which he had acknowledged to

her attorney. The action is not upon the account taken and stated in 1895, but the pleadings merely allege that there was such an account taken and stated on that date, and that since that time the defendants' testator has made payments on the basis of that account, so that at the time of bringing the action the sum due had been reduced to $1,482.45. The action was to recover the amount due to the plaintiff at the time of the commencement of the action, and the allegation in reference to an account taken and stated in 1895 was merely a recital of the facts on which the plaintiff based her right of recovery. Mr. McDowell was a brother of the plaintiff, and the evidence shows that he was the only one who kept an account. He acknowledged to the plaintiff's attorney that on the 5th day of April, 1895, he owed the plaintiff a certain sum of money; and this statement of the account was accepted by the plaintiff as the basis of her computation of what was owing to her, and the evidence is sufficient to support the judgment. It is only necessary, in an account stated, that there shall be an assent, expressed or implied, by the party to be charged. Volkening v. De Graaf, 81 N. Y. 268, 271. It is an admission, and prima facie evidence against the party making it, but does not estop him from showing the truth. Champion v. Joslyn, 44 N. Y. 653. Defendants' testator, who alone kept an account, stated that he had balanced his account with the plaintiff on a given day, and that he owed her a certain amount on that day. The plaintiff accepts this as a true statement of the account when the fact is brought to her knowledge, and gives Mr. McDowell credit for subsequent payments, and demands the remainder due. The proof of the plaintiff, in connection with the admissions of the answer, establishes the facts alleged in the complaint, and the judgment follows logically and necessarily. If there was any variance between the allegations of the complaint and the proofs, the evidence was admitted without raising this objection, and the pleadings may properly be deemed to have been amended to accord with the proof, as provided in section 723 of the Code of Civil Procedure. The defendants have not attempted to make any defense upon the merits, and, as no substantial rights are involved in the alleged variance between the pleadings and the proofs, it would serve no good purpose to reverse the judgment. Substantial justice has been done, and the judgment should be affirmed.

Judgment appealed from affirmed, with costs. All concur.