Townhouse Off. Park Assoc., Inc. v Townehouse Off. Park of Nanuet Condominium (2025 NY Slip Op 04929)

Townhouse Off. Park Assoc., Inc. v Townehouse Off. Park of Nanuet Condominium

2025 NY Slip Op 04929

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-00424
 (Index No. 30121/20)

[*1]Townhouse Office Park Associates, Inc., et al., appellants, 
v
Townehouse Office Park of Nanuet Condominium, et al., respondents.

VanderWoude & Roma, PLLC, Stormville, NY (Neil VanderWoude of counsel), for appellants.
Marin Goodman, LLP, Harrison, NY (Alexander J. Drago of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover on an account stated, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 20, 2021. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the cause of action to recover on an account stated and granted that branch of the defendants' cross-motion which was to compel discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2020, the plaintiffs commenced this action, inter alia, to recover on an account stated, alleging that the defendant Townehouse Office Park of Nanuet Condominium (hereinafter the Condo) failed to pay them for maintenance services that they rendered. Although the defendants served discovery notices in March 2020 and April 2020, the plaintiffs did not provide the requested discovery. In July 2021, the plaintiffs moved for summary judgment on the cause of action to recover on an account stated. The defendants opposed the motion and cross-moved, among other things, to compel the plaintiffs to respond to their discovery demands. In an order dated December 20, 2021, the Supreme Court, inter alia, denied the plaintiffs' motion as premature and granted that branch of the defendants' cross-motion. The plaintiffs appeal. We affirm, but on grounds different than those relied upon by the Supreme Court.
Instead of denying the plaintiff's motion for summary judgment on the cause of action to recover on an account stated as premature, the Supreme Court should have denied the motion on the merits. "An account stated is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance" (Styles Brook Homeowners' Assoc. v Blasi, 165 AD3d 1004, 1005, quoting Volkening v De Graaf, 81 NY 268, 270). "[W]hile the mere silence and failure to object to an account stated cannot be construed as an agreement to the correctness of the account, the factual situation attending the particular transaction may be such that, in the absence of an objection made within a reasonable time, an implied account stated may be found" (id., quoting Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 154). Here, the plaintiffs submitted affidavits from [*2]previous members of the Condo's Board of Directors (hereinafter Board), as well as financial documents, Board meeting minutes, and an email, which established that the Board agreed, without objection, to pay the balance of an account based on the maintenance work performed by the plaintiffs. However, in opposition, the defendants raised triable issues of fact by submitting an affidavit from a previous member of the Board and an affidavit from an attendee of the relevant Board meeting, indicating, inter alia, that there were timely objections to the purported outstanding balances owed to the plaintiffs (see Clean Earth of N. Jersey, Inc. v Northcoast Maintenance Corp., 142 AD3d 1032, 1035; Elmo Mfg. Corp. v American Innovations, Inc., 44 AD3d 703, 704).
The Supreme Court also providently exercised its discretion in granting that branch of the defendants' cross-motion which was to compel the plaintiffs to respond to the defendants' discovery demands, since that discovery, including depositions, financial records, and documents indicating the type of work that the plaintiff allegedly performed, was material and necessary to the defense of the action, including the causes of action to recover damages for breach of contract and unjust enrichment (see CPLR 3101[a]; Blue Diamond Fuel Oil Corp. v Lev Mgmt. Corp., 103 AD3d 675, 676).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court