HENRY SAMSON et al., Respondents, *v.* JOSEPH FREEDMAN, Appellant.

*It seems* an account stated is not conclusive upon either party; it is simply *prima facie* correct and may be impeached for fraud or mistake.

*It seems* also, in an action upon an account for goods sold, defendant may recoup damages for breach of warranty where he can show that subsequent to the stating of the account he discovered that the goods were not up to the warranty.

(Argued September 23, 1886; decided June 1, 1886.)

THE following is the opinion in this action :

" This action was brought to recover a balance claimed to be due upon an account stated. The answer to the complaint is substantially a general denial.

" There is not much dispute about the facts and they are substantially as follows : The plaintiffs were partners carrying on a business in England, and the defendant was a merchant doing business in the city of New York. At various times during the years 1880 and 1881 the plaintiffs and defendant had dealings with each other consisting of sales of merchandise by plaintiffs to defendant, on credit, and of sundry payments to plaintiffs by defendant on account thereof. On the 1st of July, 1880, there was a balance due the plaintiffs from the defendant, upon their dealings, of £1,440 11s. 4d, sterling, and on the twenty-seventh day of the same month, the plaintiffs shipped to the defendant, upon his order, nine cases of goods, which reached New York on the ninth of August and were put in the custom-house. These goods were invoiced at the agreed price of £679 8s. 6d, and were taken from the custom-house by the defendant as follows : Four cases October 4, 1880, and one case at each of the following dates in 1881 : May 25, August 27, September 6, October 5 and November 5. On the 4th day of January, 1881, the plaintiffs sent to the defendant, by mail, a written statement of their account against him, in which he was charged with the balance due plaintiffs July first, and the invoice of goods shipped July twenty-seventh and some items of interest and expenses, and he was credited with two payments of £500 each made in August and November, and which showed a balance due the

plaintiffs of £1,169 and 8*d*.  The account was inclosed in a letter in which the defendant was requested if he found it correct to carry the balance forward to the new account in conformity, and to return the conformation inclosed, which was as follows : 'I beg to acknowledge the receipt of your account current, showing a balance of  £1,160 8*d*, per 31st December, 1880, in your favor, which I transfer to the new account in conformity.'

" [Date and signature.]

" The defendant received these papers by mail in due course, but did not sign or return the proposed conformation.   Subsequently the agent of the plaintiffs, in the city of New York, called upon the defendant in reference to the account, and on one of the occasions, the defendant told him that he had remitted the whole amount of the account except about £40 due for interest, and that he had requested of plaintiffs a statement. After receiving the account on the 15th day of January, 1881, the defendant sent to the plaintiffs £500, which he requested to have placed to his credit.   On the twenty-first day of February, he sent to them another sum of £500, and requested to have the same placed to his credit, and in his letter inclosing the draft, he said : ' There are still a few pounds due you, providing the goods still on hand (and I have quite a lot there still from your shipments), are up to the contract. I shall withdraw them shortly and determine all about it.'   On the twenty-third day of March he wrote a letter to the plaintiffs, notifying them that, upon investigation, the entire invoice of goods shipped July twenty-seventh was inferior to the samples upon which the goods were bought, and that he demanded as damages £847 14*s*. 1*d*, and that the goods were held subject to their order on the payment of that sum.   The defendant at no time disputed the correctness of the account, and never made any objection thereto except the one stated in his letter of March twenty-third.

" The sole question for our determination is whether there was an account stated.   We think the court at General Term did not err in holding there was.   The goods had been subject to the control and inspection of the defendant for five months before he received the account.   He had had four cases of them in his actual possession for three months.   The account was a

short one composed of few items. Immediately after its receipt, he paid £500 thereon, a portion of which was necessarily applicable to the goods last shipped. More than a month later, he sent another payment upon the account in which he acknowledged that there was a balance still due, provided the goods ·still on hand were ' up to the contract.'

" There was no express agreement upon the account by a mutual looking over the same. But the law raises from such facts an implied agreement to the correctness of the account. (*Lockwood* v. *Thorne*, 18 N. Y. 285, 292; *Stenton* v. *Jerome*, 54 id. 480, 484; *Quincey* v. *White*, 63 id. 370, 377; *Young* v. *Hill*, 67 id. 162, 172; *Sharkey* v. *Mansfield*, 90 id. 227.) An account thus stated is not conclusive upon either party, but is simply *prima facie*, presumptively correct and may be impeached for any error induced by fraud or mistake. Even by what was said in the letter containing the last payment, the defendant asserted that the account was correct, and the only right he reserved was to impeach it if the goods were not up to the contract. That right he would have had if it had not been expressly reserved. If he could show that, upon subsequent examination, he discovered for the first time that the goods were not up to the contract, he could have alleged the facts in his answer, and have recouped his damages. The plaintiffs did not place the defendant at a greater disadvantage by suing him upon an account stated than they would· if they had sued him upon an open account for the goods sold, claiming the balance due, because by neither form of action could they cut off his counter-claim for breach of warranty, which was the only defense left to him, the goods having been received by him.

" A stipulation appears in the record allowing the defendant to amend his answer by setting up his damages, or to commence an action to recover his damages, plaintiffs' attorney agreeing to accept service of process in such action, that action and this to be tried at the same time before the same referee. The defendant did not avail himself of that stipulation, and it is, therefore, a just inference that he had no cause of action against the plaintiffs, and that, therefore, no injustice has been done to him by holding that there was a stated account, and thus that

the balance claimed was *prima facie* presumptively due the plaintiffs.

"We think the order of the General Term should be affirmed, and judgment absolute ordered against the defendant with costs."

*Melville H. Regensberger* for appellants.

*James Dunne* for respondent.

EARL, J., reads for affirmance of order and for judgment absolute against defendant on stipulation.

All concur.

Order affirmed, and judgment accordingly.