(12 Misc. Rep. 197.)

## BLAUT v. BORCHARDT.

(City Court of New York, General Term. April 16, 1895.)

COUNTERCLAIM—DEMAND FOR JUDGMENT.

A counterclaim is not demurrable because defendant does not demand an affirmative judgment.

Appeal from trial term.

Action by Lazarus Blaut, as assignee for the benefit of creditors of Simon Blaut, against Max Borchardt. A demurrer to defendant's counterclaim was overruled, and plaintiff appeals. Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Jacob Fromme, for appellant.

Isidore Hershfield, for respondent.

McCARTHY, J. We think the demurrer in this case was properly overruled. The answer, although partially inconsistent, yet was consistent in the fact of the denial of an account stated, the reason therefor being matter of proof, and not pleading. An account stated is not conclusive upon either party, but is simply prima facie, presumptively correct, and may be impeached for any error induced by mistake or fraud. It then loses its force and character. Samson v. Freedman, 102 N. Y. 699–701, 7 N. E. 419; Goodwin v. Wertheimer, 99 N. Y. 149–154, 1 N. E. 404.

Again, the appellant says that the counterclaims are demurrable in law on their face because the defendant does not demand an affirmative judgment in his answer. But this is not necessary. See Code Civ. Proc. §§ 503, 504, 509. This last section leaves the matter in the discretion of the defendant. In the case at bar the defendant, although setting up many claims, which, when esti-

mated together, would be in excess of the plaintiff's, only seeks to be allowed so much as will equal the plaintiff's claim. ·See Code Civ. Proc. § 502, subd. 1; also, see section 501. All the counterclaims appear on the face thereof as having existed at the time of the commencement of the action. The defendant can only recover, however, a counterclaim which is due at the time of the making of the assignment, and this is a matter of proof at the trial.

The order is therefore affirmed, with costs. ·