BOYCE v. WALKER et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. ACCOUNT STATED (§ 11*)—EFFECT—IMPEACHMENT.

An account stated may be impeached for mistake; its effect being merely to establish prima facie the accuracy of the account and to cast the burden of proof on the one claiming a mistake.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 63; Dec. Dig. § 11.*]

2. ACCOUNT STATED (§ 11*)—IMPEACHMENT—MISTAKE.

In an action to foreclose a mortgage given in settlement of a balance claimed to be due plaintiff as shown by an account stated, defendants were entitled to show, in order to prove that there was no consideration for the mortgage, that they had furnished more lumber to plaintiff than they had been credited with, that no defective lumber was delivered, and that mistakes in statements rendered by plaintiff were not discovered until some time after the settlement was made.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 63; Dec. Dig. § 11.*]

Chester, J., dissenting.

Appeal from Special Term, Franklin County.

Action by Scott G. Boyce against Warren D. Walker and another to foreclose a bond and mortgage on real estate executed by defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to plaintiff. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles A. Burke, for appellants.

F. H. Bryant and Florence Boyce Bryant, for respondent.

COCHRANE, J. In the years 1900, 1901, and 1902 the defendant Mary E. Walker was engaged in a lumbering business and sold lumber to the plaintiff. The plaintiff from time to time advanced her money exceeding, as he claims, what was due her for lumber. The defendant Warren D. Walker is the husband of Mary E. Walker, and was her agent in respect to the transactions between her and the plaintiff. The places of business of the parties were some miles separated. At the close of their dealings in 1900 plaintiff rendered to the defendants a statement of the amount of lumber in the aggregate which he had received. A similar statement was given, showing the aggregate amount of lumber received, for the year 1901. In the year 1902 separate statements were mailed after the receipt by plaintiff of each car load, showing the amount of lumber received in each car and the price therefor. On July 30, 1902, a statement was mailed the defendants which contained a recapitulation of the previous statements so far as the quantity of lumber was concerned. None of the statements contained a detailed statement of the lumber furnished in the years 1900 and 1901, but only the aggregate amount furnished in each of those years, respectively. Previous to the last statement of July 30, 1902, the matter had been placed by the plaintiff in the hands of his attorney for collection. After some negotiation the defendants on August 4th executed the bond and mortgage in question for the balance claimed by plaintiff to be due as the same appeared by the statement of July 30, 1902. Some question is raised as to the amount of money advanced by plaintiff, but the principal controversy exists concerning the quantity of lumber sold to him.

At the trial Warren D. Walker testified that when the bond and mortgage were executed his books, showing the quantity of lumber, were at the mill, some 21 miles from his residence; that he had not compared the statements of the plaintiff with such books; that the plaintiff had told him, in regard to the statements of the years 1900 and 1901, that they corresponded with the accounts of defendants' bookkeeper. He further testified that he did not attempt to verify plaintiff's statements until the year 1907, when the bookkeeper of defendants made up their books. Defendants then attempted to prove that in the year 1900 they sold to the plaintiff 405,429 feet of lumber, as against 350,219 feet credited to them in plaintiff's statement of that year; that in the year 1901 they sold to the plaintiff 88,649 feet, as against 79,478 feet credited to them in plaintiff's statement of that year; and that in the year 1902 more lumber was sold than was credited to them in plaintiff's statements of that year. They also attempted to prove that there was no defective lumber delivered. Had the defendants succeeded in making this proof, it would have appeared that

there was no balance due plaintiff when the bond and mortgage were executed, and that the latter were therefore without consideration.

The evidence so offered was excluded on the ground that an account had been stated between the parties and that the bond and mortgage were given for a balance due on such statement and settlement. The trial justice was right in holding that there had been an account stated, but he was in error in holding that for that reason the evidence offered was inadmissible. An account stated is subject to impeachment for mistake. Its effect is merely to establish prima facie the accuracy of the account, and to cast the burden of proof on him who claims a mistake. In Lockwood v. Thorne, 18 N. Y. 285, 292, it was said:

"An account stated or settled is a mere admission that the account is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors. Its effect is to establish, prima facie, the accuracy of the items without other proof; and the party seeking to impeach it is bound to show affirmatively the mistake or error alleged."

The above language is quoted approvingly in Spellman v. Meuehlfeld, 166 N. Y. 245, 248, 59 N. E. 817, and the same principle has been many times reiterated. Samson v. Freedman, 102 N. Y. 699, 7 N. E. 419; Young v. Hill, 67 N. Y. 162, 175, 23 Am. Rep. 99; Eames Vacuum Brake Company v. Prosser, 157 N. Y. 289, 300, 51 N. E. 986; Conville v. Shook, 144 N. Y. 686, 39 N. E. 405; Welsh v. German American Bank, 73 N. Y. 424, 29 Am. Rep. 175; Sedgwick v. Macy, 24 App. Div. 1, 49 N. Y. Supp. 154. It was therefore clearly error for the court to exclude the proffered testimony. It might not have proved very weighty, in view of the circumstances and defendants' long acquiescence in the account as stated. But they were entitled to have the evidence received, and the question of its importance would then have been a matter for consideration in the light of its probabilities and their explanation, fortified by such strength, if any, as the testimony itself might seem to inherently suggest.

Plaintiff claims that no mistake was established. But that was just what the defendants were not permitted to establish. Warren D. Walker had testified that he had not made any comparison of plaintiff's accounts with his own, and that at the time of the execution of the bond and mortgage, which seem to have been given, according to his testimony, under the stress of some pressure, his books were not accessible, and that he had no opportunity to make such comparison. If his testimony was true, he did not know that plaintiff's statements were erroneous until afterward, and it was proper for him to show, if he could, that an error had been made in the adjustment of the accounts and in the consideration of the mortgage.

The judgment must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur, except CHESTER, J., who dissents.