tion of a certain contract dated December 4, 1907, between the corporation and S. Pearson & Son, Limited," 1,750 shares of stock. The delivery of the 1,750 shares of stock was for past services and Nevins was clearly entitled to his share thereof.

I find that Palmer did not buy out Nevins' share in the syndicate. It seems to me wholly inconsistent with such a transaction that Furber should appropriate $5,000 of the money received from Palmer and give his individual note for that amount to Nevins. I also find that the original agreement between Nevins and Furber was that Furber would repay Nevins for the advances which he made. This view of the testimony is the only one consistent with the repeated demands made by Nevins upon Furber for repayment of the money which he had advanced, and it does not appear at any time that Furber denied his liability. I find, therefore, that Nevins is entitled to receive from the defendants 583⅓ shares of the stock of the Oil Fields of Mexico Company. There is no necessity for an accounting, as it is conceded that the company delivered 1,750 shares of the stock to the defendants. There is no proof, however, of the value of the stock. The decree must provide, therefore, that if the defendants fail to deliver 583⅓ shares of the stock to the plaintiff within 20 days after the entry of the decree and service upon them of a copy thereof, the plaintiff may apply for leave to give proof as to the value of the stock.

Either party may present to me requests to find within 20 days from this date.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

A. Furber, of New York City, for appellants.
A. Benedict, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the referee. Order filed.

INGRAHAM, P. J., dissents.

---

(92 Misc. Rep. 156)

AMERICAN LACE MFG. CO. v. LEVY et al.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. ACCOUNT STATED ⬤⇒8—DEFENSES.
    An account stated is open to impeachment for fraud, mistake, or error; so, in an action on an account stated, a counterclaim based on a breach of warranty of materials, which could not be discovered until after manufactured into garments and they were worn, will be sustained.
    [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 50–56; Dec. Dig. ⬤⇒8.]

2. APPEAL AND ERROR ⬤⇒1031—REVIEW—INFERENCES.
    Where the court erroneously excluded all evidence of defendants' counterclaim, the cause must be treated on appeal as if the evidence would have established it.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. ⬤⇒1031.]

3. APPEAL AND ERROR ⬤⇒274—DENIAL OF MOTION FOR NONSUIT—EXCEPTIONS.
    That defendants failed to except to the denial of their motion for nonsuit is not a waiver of the exclusion of evidence in support of their counterclaim.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. ⬤⇒274; Trial, Cent. Dig. § 375.]

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. APPEAL AND ERROR** &#9683;&#8605;274—REVIEW—PRESENTATION OF GROUNDS IN COURT BELOW.

Exceptions to the rejection of evidence save the question for review on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. &#9683;&#8605;274.]

**5. ACCOUNT STATED** &#9683;&#8605;18—PLEADING—COUNTERCLAIM—BREACH OF WARRANTY.

In an action on an account stated for the purchase price of material manufactured into garments, the defendants set up as a counterclaim defects in the material, but did not aver a comparison of the sample with the bulk before manufacture. *Held*, that, as it appeared the defects could not be discovered until after manufacture, the counterclaim must be treated as stating a cause of action, all evidence thereon having been excluded, particularly as there was an averment of an express warranty of sample and that the bulk corresponded.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 85–90; Dec. Dig. &#9683;&#8605;18.]

Appeal from City Court of New York, Trial Term.

Action by the American Lace Manufacturing Company against Alexander Levy and Harry Julius. From a judgment on verdict directed for plaintiff, defendants appeal. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Barnett & Jablow, of New York City (Ralph Barnett and Morris Jablow, both of New York City, of counsel), for appellants.

George Ryall, of New York City, for respondent.

SHEARN, J. This action is upon an account stated. The defendants pleaded as a partial defense and counterclaim a breach of warranty in the sale of certain merchandise, which upon the trial appeared to be the merchandise involved in the account stated.

[1, 2] The defects in the material sold were such as would only become apparent, as defendants claim, after the garments manufactured therefrom had been worn. The defects were not discovered until after the account had been stated; attention being called to them by customers returning the manufactured garments. The trial court held that no evidence to establish a breach of warranty could be received in an action upon an account stated, and that the only issue was whether the account was stated. This was, of course, contrary to the well-settled law. Samson v. Freedman, 102 N. Y. 699, 701, 7 N. E. 419; Boyce v. Walker, 130 App. Div. 305, 114 N. Y. Supp. 166; Lockwood v. Thorne, 18 N. Y. 285. An account stated is always open to impeachment for fraud, mistake, or error. It may be that the mistake was discoverable before the account was assented to, and also that there was no mistake. However, as the court shut out all of the evidence, this cannot be now determined, and, for the purposes of this appeal, should be resolved in favor of the appellants.

[3, 4] Defendants' failure to except to the denial of their motion for a nonsuit was not an acquiescence in the court's ruling out of all

&#9683;&#8605;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

their evidence. Without the evidence, there was nothing else for the court to do but deny the motion. The question whether the evidence was properly rejected is, of course, saved by the exceptions to its exclusion.

[5] It is further contended that the counterclaim was not provable, because it did not state a cause of action, as it showed a sale by sample, and a failure to compare the bulk with the sample before proceeding to manufacture. Treating this as a case of implied warranty upon sale by sample, it would have been better pleading if the defendants had alleged that the defects were only discoverable by actual wear after manufacture; but it would be too harsh a rule to deny them their day in court, and an opportunity to prove this essential fact, in view of their allegation that they had no knowledge of the real condition of the goods until after the goods were manufactured. This is especially true in a case where the evidence was not rejected because of the alleged defect in pleading, but upon the erroneous ground that it was inadmissible because of the nature of the action.

Finally, it is to be noted the pleading alleged that there was an express warranty of the sample, and an express warranty that the bulk corresponded with the sample.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.