CHARLES FREEMAN, Appellant, v. RALPH REALTY CORPORA-
TION, Respondent.

First Department, December 2, 1921.

Contracts — construction — contract to convey premises with coal thereon, quantity of coal "to be determined by an appraisal" — overpayment for coal made in reliance upon erroneous estimate by appraiser, may be recovered in action for money had and received — mutual mistake of fact — determination by appraiser not an arbitration.

Where, after paying for coal, pursuant to a contract to convey certain premises together with the coal thereon, the quantity of which was "to be determined by an appraisal," the purchaser discovers that the appraiser made an arbitrary and erroneous estimate, in reliance upon which the purchaser in good faith paid for sixty-seven tons of coal he never received, he may recover for the overpayment which was made through mutual mistake of fact, as for money had and received for which the law implies a promise to repay.

The survey or estimate by the appraiser did not constitute an arbitration as to the quantity of coal so as to bar a recovery for the overpayment, since there was no controversy between the parties as to the quantity of coal and the only duty incumbent upon the appraiser was to measure the coal.

APPEAL by the plaintiff, Charles Freeman, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 15th day of February, 1921, affirming a judgment of the City Court of the City of New York in favor of the defendant.

*Gilbert Ray Hawes,* for the appellant.

*David B. Kaminsky* [*Charles Goldzier* of counsel; *Herman Joseph* with him on the brief], for the respondent.

LAUGHLIN, J.:

The pleadings consist of the complaint and answer. The motion was made and granted on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The complaint shows that on the 3d day of October, 1919, the plaintiff and defendant entered into an agreement in writing whereby the plaintiff agreed to purchase of the defendant the apartment house known as 3915 Broadway in the borough of Manhattan, New York, and to pay therefor, as therein provided, $265,000, and pay in addition thereto $9 per ton for the coal on the premises when title passed, which was to be on the first of December thereafter; that it was expressly provided in the contract that the quantity of coal so to be taken over and paid for by the plaintiff was " to be determined by an appraisal to be made by Farrel & Son; " that before title was to be closed, on the twenty-fifth of November, Farrel & Son made a survey of the amount of coal supposed to be on the premises and, without measuring the same accurately, roughly estimated the quantity to be one hundred and ninety-seven tons of pea coal and two tons of egg coal; that on the closing of the title a deduction of five tons, as the estimated amount used during the intervening five days, was made, and that with that modification plaintiff paid the defendant according to the estimate made by Farrel & Son; that the plaintiff was induced to accept the appraisal made by Farrel & Son with respect to the quantity of the coal on the defendant's representation that no survey thereof had been made before; that shortly after the plaintiff came into possession of the premises on the 1st day of December, 1919, he discovered for

the first time that the survey or estimate of the quantity of the coal as made by Farrel & Son was erroneous in that it greatly exceeded the amount of coal actually left on the premises and also that a prior survey of the quantity of coal on the premises had been made by the firm of Burns Brothers on or about the 3d day of September, 1919, and that thereupon plaintiff made further investigation with respect to the quantity of coal on the premises when title passed, and that such investigation established the fact that a mutual mistake had been made by the parties with respect to the quantity of the coal and that there were in fact only one hundred and twenty-five tons of coal on the premises when the title thereto was vested in the plaintiff, who had been erroneously charged, and that through mutual mistake he had paid the defendant for sixty-seven tons at the rate of $9 per ton of pea coal which he had never received and for which he received no consideration, and that the defendant had in its possession the said sum of $603 so paid by the plaintiff through mutual mistake, repayment of which has been demanded and refused, and judgment for that amount, together with interest thereon from the 1st day of December, 1919, and costs was demanded.

Respondent endeavors to hold the judgment on the theory that this was an arbitration by Farrel & Son with respect to the quantity of coal; but plainly it was not. There was no dispute or controversy between the parties with respect to the quantity of coal. The contract obligated plaintiff to pay a specified price per ton for the coal actually left on the premises by the defendant when title passed to the plaintiff. It was doubtless expected that the quantity of coal could be ascertained approximately by Farrel & Son by measurements without actually handling and weighing it, and plainly that was the sole object in providing that the quantity should be determined by an appraisal to be made by Farrel & Son. It was the duty of Farrel & Son to measure the coal, and plainly that was not an arbitration. (*Hale* v. *Handy*, 26 N. H. 206.) The case is clearly distinguishable from those such as *Molloy* v. *Village of Briarcliff Manor* (145 App. Div. 483) and *Sweet* v. *Morrison* (116 N. Y. 19), and analogous cases, on which the respondent relies, in which an engineer is by contract made an arbitrator with respect to controversies arising between

the parties concerning the quality or quantity of material or the amount of work done. The provision here in question for determining the quantity of coal by appraisal was not intended to and did not obligate the plaintiff to pay according to an arbitrary and erroneous estimate by Farrel & Son. It was intended that the quantity should be delivered approximately; and it is plain that an estimate, such as was made, of nearly one-third more coal than was actually on the premises was an arbitrary and erroneous estimate. Plaintiff sufficiently shows that he relied upon the erroneous estimate in good faith, and he is, therefore, entitled to be relieved from the mistake and to recover for the overpayment, which was made through mutual mistake of fact, as for money had and received for which the law implies a promise to repay. (*Armour* v. *Sound Shore Front Improvement Co.*, 159 App. Div. 213.) It follows that the determination of the Appellate Term and the judgment of the City Court should be reversed and a new trial granted, with costs to appellant in all courts to abide the event.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Determination and judgment reversed and new trial ordered, with costs to appellant to abide event.