In the Matter of the Estate of CLEMENTINA S. WING, Deceased.

Surrogate's Court, Kings County, March 23, 1937.

*Otheman & Swain* [*Joseph F. McCloy* and *M. Francis Bravman* of counsel], for Chester O. Swain and David W. Swain, executors.

*Harry M. Peyser,* for the State Tax Commission.

WINGATE, S. In the present motion by the representatives of the estate against the State Tax Commission, the sole issue resolves itself, in substance, into the potentially polemic controversy as to whether it is gross negligence, or worse, for a person to rely upon the statement of a woman beneficiary concerning her age, and whether a conviction of such an alleged enormity is sufficient to debar him from public sympathy or equitable or legal aid.

The facts necessitating this momentous decision are uncontroverted on the record. The present decedent died in March, 1928, leaving a will which, among other directions, erected a trust for the life benefit of Mary I. Healy. In the course of assembling the data requisite for the computation of the transfer tax which was payable, the executors approached the lady with inquiries on the notoriously delicate subject of the date of her nativity, receiving her solemn assurance that as of the date of death of the testatrix she had attained the ripe but by no means superannuated maturity of fifty-five years.

The tax proceeding was accordingly conducted on this understanding of fact, and resulted in a computation by the Insurance Department of the value of her life estate predicated on her expectancy of life at age fifty-five, and its proper assessment at prevailing rates. Pursuant to the terms of the will, the tax so assessed was paid from the residue of the estate with a resultant diminution of the sums payable to the residuary legatees.

Mary Healy died in Canada in April, 1936, whereupon it developed that at the date of death of her testamentary benefactress she had long since passed the comparative youth of fifty-five, and was, in fact, sixty-nine years of age.

The executors seek to reopen the *pro forma* order fixing the tax in as far as it effectuates this mutual mistake of fact. The State Tax Commission strenuously opposes the adoption of such a course, assuming the position that, although the State has, as a result of this honest and mutual mistake respecting the age of the life beneficiary, received moneys to which it was not legally or equitably entitled, this court is powerless to remedy this wrong and prevent the resulting unjust enrichment of the State at the expense of the residuary legatees. Such a result, if actually required by existing rules of law, must inevitably be repugnant to ordinary basic principles of equity and justice.

That mistake frequently supplies the actuation for equitable relief is a fact familiar to all. It may result in the opening of a stated account (*Lockwood* v. *Thorne*, 18 N. Y. 285, 292; *McDougall* v. *Cooper*, 31 id. 498, 499, 500; *Welsh* v. *German American Bank*, 73 id. 424, 428; *Samson* v. *Freedman*, 102 id. 699, 701; *Rodkinson* v. *Haecker*, 248 id. 480, 485; *Hopwood Plays, Inc.*, v. *Kemper*, 263 id. 380, 385; *Boyce* v. *Walker*, 130 App. Div. 305, 307), with the result that " the mistake can be corrected and the rights of the parties readjusted as to such mistake " (*Carpenter* v. *Kent*, 101 N. Y. 591, 594); a written contract may be set aside " for * * * mistake " (*Wilson* v. *Deen*, 74 N. Y. 531, 534; *Interstate Chemical Corp.* v. *Duke*, 92 Misc. 519, 543; affd., 176 App. Div. 684), the

doctrine in this regard being extended to the point that " a court of equity may rescind an apparent contract for the mistake of one party only, without finding fraud or inequitable conduct in the other " (*Orth* v. *Kaesche,* 165 App. Div. 513, 518; affd., 222 N. Y. 612; *Crowe* v. *Lewin,* 95 id. 423, 427; *Harper, Inc.,* v. *City of Newburgh,* 159 App. Div. 695, 696; *Silverman* v. *Minsky,* 109 id. 1, 4; *Goodman* v. *Laborn,* 11 id. 617, 619, 620); and even solemn conveyances will be reformed, property inadvertently omitted therefrom being deemed to be held in trust for the transferee (*Hensler* v. *Sefrin,* 19 Hun, 564) and excessive inclusions being returnable to the transferor (*Lamb* v. *Schiefner,* 129 App. Div. 684, 686).

The substantially uniform application of the same principle to payments made upon a misapprehension or mistake of fact is clearly reflected in the law. Where such mistake is mutual the decisions are uniform that, subject to countervailing equitable considerations, the courts will intervene to compel the return of money paid as a result of such misapprehension as to facts. (*Mowatt* v. *Wright,* 1 Wend. 355, 360; *Woodruff* v. *Claflin Co.,* 198 N. Y. 470, 473; *Mayor* v. *Erben,* 38 id. 305, 310; *Rheel* v. *Hicks,* 25 id. 289, 291; *Lake* v. *Artisans' Bank,* 3 Abb. Dec. 10, 15; *Freeman* v. *Ralph Realty Corp.,* 198 App. Div. 788, 791.)

The rule is not, however, limited to cases of mutual mistake of fact, but is extended to the situations in which it is solely that of the payor (*Hathaway* v. *County of Delaware,* 185 N. Y. 368, 370; *Matter of Welton,* 141 Misc. 674, 687), and even though he may have been negligent in investigation or ascertainment (*Ball* v. *Shepard,* 202 N. Y. 247, 253; *Hathaway* v. *County of Delaware,* 185 id. 368; *Kingston Bank* v. *Eltinge,* 40 id. 391, 396). This applies to tax payments as well as to those of other varieties. (*Betz* v. *City of New York,* 119 App. Div. 91, 92, 93; affd., 193 N. Y. 625.)

The principle underlying this rule is in origin the equitable one that " whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it " (*Roberts* v. *Ely,* 113 N. Y. 128, 131; *Hoyt* v. *Wright,* 237 App. Div. 124, 127. See, also, *Belden* v. *State,* 103 N. Y. 1, 8, 9), but its application has long since been extended to legal tribunals as is demonstrated by the fact that as early as 1832 it was held that assumpsit would lie for the recovery of money credited by mistake. (*Tinsler* v. *May,* 8 Wend. 561.)

In perhaps a majority of the pronouncements hereinbefore cited, the determinations have coupled mistake and fraud in the same category, no doubt on the theory that the attempted retention of money or property which in equity and good conscience belongs to another is in effect a constructive fraud on such other.

It is entirely true, as is pointed out by the State Tax Commission, that the subject of the authority of Surrogates' Courts to vacate or correct their orders and decrees is regulated by subdivision 6 of section 20 of the Surrogate's Court Act, but it has been authoritatively determined that " the Surrogate's Court has power independently of any statute to exercise control over its own records and to vacate its own decrees for mistake, fraud or clerical error. It must be deemed to possess the incidental powers in that respect common to all courts or officers exercising judicial functions." (*Matter of Regan,* 167 N. Y. 338, 343; *Matter of Henderson,* 157 id. 423, 426; *Sipperly* v. *Baucus,* 24 id. 46, 50; *Matter of Deyo,* 36 Hun, 512; affd., 102 N. Y. 724.)

Precedents for the exercise of such authority in situations closely analogous to the present are not wanting. In *Matter of Willets* (119 App. Div. 119; affd., 190 N. Y. 527) the taxing order was predicated on the mistaken supposition that a particular parcel of real property was included in the estate of the decedent, and it was held that the surrogate possessed authority to vacate the order and thereupon to eliminate the erroneously included property, to reassess the tax and direct the refund, with interest, of so much as had been paid in respect thereof.

In *Morgan* v. *Cowie* (49 App. Div. 612) the tax had been assessed on the supposition that a beneficiary who had actually predeceased the testator had survived him. An order assessing the tax on this mistaken misapprehension was entered and no appeal was prosecuted therefrom. In determining that this fact did not preclude the application of a remedy by the surrogate, the Appellate Division observed (at p. 615): " If property, through collusion or inadvertently, has escaped assessment, the court is not without a remedy to reach it, although the time for appeal, within the language of the act, has expired. If facts have arisen since the imposition and payment of the tax, showing it was improperly assessed or excessive in amount, or without the jurisdiction of the court to tax, then the court possesses the power to redress the wrong done."

The final excerpt worthy of quotation in this connection is found in *Matter of Hopson* (213 App. Div. 395, at p. 397): " The surrogate has a wide discretion in reopening an order or decree for the purpose of correcting errors or mistakes, and such discretion should be exercised here, not alone to correct a mistake, but to satisfy those interested that no mistake has beeen made, if such is the fact."

It is wholly unnecessary to determine under the present factual demonstration as to the particular authority under which relief may be awarded. It may be predicated on the affirmations of the Court of Appeals and Appellate Division hereinbefore noted that

the court possesses an inherent power dehors the statute to correct an obvious mutual mistake in the interests of justice. It may be based on the language of the statute which accords such right in cases of " fraud    *    *    *    or other sufficient cause " in view of the uniform determination that fraud and mistake are in *pari materia*, wherefore mistake comes within the description of " other sufficient cause " " of like nature " (*Matter of Tilden*, 98 N. Y. 434, 442), or, finally, it may be founded on the constructive fraud of the attempt to retain money which in equity and good conscience is not, and on the facts never was, and never could become due.

The court will accordingly vacate so much of the *pro forma* taxing order as is based upon this mutual mistake of a material fact and will remit the proceeding to the appraiser for a reassessment on the basis of the facts as they actually existed. When this has occurred, the compromise pursuant to section 233 of the Tax Law (as amd. by Laws of 1930, chap. 711), in respect to which no controversy exists, will be approved.

Enter order on notice in conformity herewith.