THE STATE, PHILIP WEIGEL, Jr., PROSECUTOR, v. THE HARTMAN STEEL COMPANY, DEFENDANT.

1. To constitute an account stated, there must be a promise, express or implied, to pay a single sum, whether such sum consists of a bill of a single item in an unilateral account, or is a totality of all the items admitted to be correct in such account, or is the balance remaining after the mutual application in payment of each other of such items in counter accounts as are mutually admitted to be correct.

2. An implied promise to pay such single sum will arise when there is an assent by both parties that such sum represents the amount due after the adjustment of all the claims involved in the same transaction.

3. If a part only of the items of an account are settled, no account stated will arise as to those items, nor will it arise by a promise to pay one account made upon an unaccepted condition that the other parties shall pay or allow a counter claim arising out of the same transaction.

---

On *certiorari*.

The following is that part of the state of the case agreed upon by counsel to be used upon the argument which is deemed important for the decision of the cause:

This action was brought by the Hartman Steel Company, Limited, the plaintiff below, to recover a bill of $44.61 and interest, for goods, wares and merchandise sold and delivered by the plaintiff to the defendant, and was tried in the Middlesex Common Pleas, on appeal from a judgment of nonsuit in the court for the trial of small causes. The state of demand is in the form of an account stated. There was no plea of set-off or other written plea filed in the case, and the defence was, that there had not been any account stated between the parties, and that therefore the state of demand was insufficient as not setting forth the individual item constituting the account. Defendant's motion for a non-suit on this ground was denied by the court.

The attorney for the plaintiff testified that shortly after receiving claim from plaintiff, as his agent, he called upon the defendant, Weigel, and presented him a bill of plaintiff for $44.61, of which the following is a copy :

STATEMENT.

NEW YORK, Aug. 1, 1887.

P. WEIGEL, JR.

*In account with Hartman Steel Co., L'd,*
118 Chambers Street.

All checks or drafts must be made to order of R. Thompson, Manager.

1887. ———

| | | |
|---|---|---|
| June 1. Account rendered............... ...... ......... ...... | $31 | 12 |
| " 3. Mdse... ......... ......... ......... ...... ...... ...... | 3 | 04 |
| July 9. " ............ ......... .................. ...... ...... | 6 | 27 |
| " 11. ......... ......... ......... ...... ,......... ...... ...... | 4 | 18 |
| | $44 | 61 |

(*Exhibit A,* on appeal.)

and that defendant admitted that it was correct, but refused to pay it, because he claimed that plaintiff owed him a bill for a larger amount, but stated that he would pay plaintiff's bill if plaintiff would pay his; that there was some negotia-

tion for a compromise which came to nothing; that on the same occasion he presented to defendant a bill of defendant to plaintiff, in which the amount of plaintiff's claim is allowed as a credit, and of which the following is a copy :

New Brunswick, N. J., Aug. 1st, 1887.

Messrs. Hartman Steel Company, Limt.,
        Beaver Falls, Pa.
                Bought of Philip Weigel, Jr., &c..

| | | |
|---|---|---|
| To advertising steel wire mat................ ......... | $28 00 | |
| To canvassing on steel wire mat...... ......... | 24 00 | |
| | ——— | $52 00· |

Cr.

| | | |
|---|---|---|
| By amt. of Invoices for wire nails and mats.. | $41 57 | |
| By amt. June 3, '87, invoices for wire nails.. | 3 04 | |
| | ——— | 44 61 |

                                                    $7 39

(*Exhibit B*, on appeal.)

Plaintiff also offered as a witness the defendant, Weigel,. who admitted that he had forwarded *Exhibit B* to plaintiff,. and also a letter, of which the following is a copy :

        "New Brunswick, N. J., Aug. 15, 1887.
*Hartman Steel Co., Limt., Beaver Falls, Pa. :*

" Gentlemen—Yours of the 11th inst. to hand.    In reply I send you enclosed the amount of my account for settlement. I have given you credit for all invoices due to you, leaving a balance due me of $7.39.    Please favor with check for same or allow me to draw on you for same on 20th inst., to close our accounts as per receipts.
                        " Yours truly,
                                " P. Weigel, Jr."

The two bills and letter referred to were then offered in evidence by plaintiff, who then rested.

Defendant then demanded the production of plaintiff's books of account, and, on said demand being refused, moved for non-suit. Motion denied, holding it unnecessary.

Philip Weigel, Jr., called on his own behalf, testified that he never had admitted to plaintiff's attorney that the account was correct; that he referred Mr. Strong to his counsel, Robert Adrain.

On the trial he denied the bill as being correct, on the ground that he had charges against the Hartman Steel Company for commissions, as the agent of said company; that there had been no settlement of all matters between himself and the Hartman Steel Company; that the agreement was that he should receive credit upon the books of said Hartman Steel Company for all sales in Middlesex county; that there had been sales in this county, and yet he had received no credit. He admitted that he had said to Mr. Theodore Strong that he would pay Hartman Steel Company's bill if he would pay his, meaning the actual amounts due between Hartman Steel Company and him, not referring to bills offered in evidence.

It appears, in addition, that a letter was also offered in evidence, purporting to be written by the manager of the plaintiff to the defendant, touching the right of the defendant to receive commissions for sales made in his district by the plaintiff or agents other than the defendant.

There was no evidence of any delivery of the goods and merchandise for which the judgment was entered.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the plaintiff in *certiorari, James Buchanan.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

REED, J.  It appears from the state of the case agreed upon, that the plaintiff grounded his right of action upon an account stated between himself and the defendant.

The plaintiff, through his agent, presented a bill to the defendant, and there is testimony going to show that the defendant admitted that the bill was correct, but refused to pay it because he claimed that the plaintiff owed him a bill for a larger amount, but he stated that he would pay the plaintiff the bill if plaintiff would pay his.

It was also proved that, on a former occasion, the defendant presented a bill for a larger amount, upon which bill he credited the bill of the plaintiff, leaving a balance in the defendant's favor.  There was evidence offered by the defendant, contradicting the statement of the plaintiff's witness as to what was said by the defendant at the interview already mentioned. The court found for the plaintiff for the full amount of his bill.  The question submitted is, whether there was evidence to support the judgment so entered.

The plaintiff contends that it can be supported upon either of two grounds.  He insists, in the first place, that there was evidence to prove an account stated ; he insists, secondly, that there was evidence that goods were sold to the defendant, and that the judgment can be sustained by regarding the state of demand as amended to one for goods sold and delivered.

First, then, can the judgment be supported upon the theory that there was proven an account stated ?  It is apparent, from an examination of the course of decisions touching what will and what will not amount to an account stated, that the courts have drifted away from the original standard of a stated account.  An account stated originally presented to the legal mind the idea of mutual accounts and of a balance struck by a comparison of such accounts made by the respective creditors.  Such an account stated involved an agreement in respect to the items in such account which were to be allowed, and so implied an assent to the correctness of a balance found to be

due against one of such creditors. 3 *Bl. Com.* 162; *Bac. Abr., tit. "Assumpsit," A.*

Blackburn, J., in *Laycock* v. *Pickles,* 4 *Best. & S.* 502, remarked: " There is a real account stated called in old law an *insimul computassent;* that is to say, when several items of a claim are brought into account on either side and being set against one another the balance is struck and the consideration for the payment of the balance is the discharge of the items ·on each side."

But it now seems to be entirely settled, that it is not essential that there should be mutual or counter accounts between the parties to support an action for an account stated.

A bill of items rendered, or even a single item presented to a party and acknowledged to be correct, will constitute such an account.

Thus, an admission that a certain sum was agreed to be paid for standing trees, made after the trees were felled and carried away, was held evidence of an account stated. *Knowles* v. *Michel,* 13 *East* 244.

So proof of an acknowledgment by an endorsee of his liability upon a bill of exchange will support a count for an account stated, though it is a single item of indebtedness. *Highmire* v. *Primrose,* 4 *Mau. & Sel.* 65.

But it seems obvious that, whether the subject matter of the agreement is an unilateral account, or comprises mutual accounts, there must be an acknowledgment of the correctness of the footing, if it is composed of several items, or the correctness of a single item, if it consists of but one. There must be a promise to pay a single sum, whether such sum is the single item presented or is the totality of all the items admitted to be correct, or is the balance remaining after the mutual application in payment of each other of such items ·of counter accounts as are mutually admitted to be correct. *Volkenny* v. *DeGraaf,* 81 *N. Y.* 268; *Bass* v. *Bass,* 8 *Pick.* 187.

Form of a count upon an account stated. 2 *Chit. Pl.* 90.

The promise to pay may be express or implied. The comparison of accounts and the settling upon a balance is an implied promise on the part of him against whom it is found that he will pay it. *Chit. Cont.* 599; *Add. Cont.*, § 1425; *Cochran* v. *Allen*, 58 *N. H.* 250.

The silent retention, for any unreasonable time, of a bill rendered, will, under certain circumstances, impress upon it the character of an account stated. Thus, Judge Elmer, in delivering the opinion of the Court of Errors, in Brown *v.* Van Dyke, remarked: "Between merchants at home an account which has been presented and no objection made thereto after the lapse of several posts, is treated, under ordinary circumstances, as being by acquiescence, a stated account." *Brown* v. *Van Dyke*, 4 *Halst. Ch.* 795, 801.

So it appears that an assent to the balance of the sum total of the account need not be expressed in any formal undertaking, but, from acquiescence in the claim, it may be inferred that the account is correct, and that the sum total is due. But any such assent, whether express or implied, must not be qualified by any condition or contingency which relieves it from the character of a promise to pay the amount. Thus, in the case of *Evans* v. *Verity*, *Ry. & M.* 239, the plaintiff, in conversation with the defendant, said, " Pay me the 10 pounds you owe me," and the defendant replied that he would, provided the plaintiff had not moved the grates, which he considered fixtures. The plaintiff was non-suited, Littledale, J., remarking: "The plaintiff does not prove a consideration on which the defendant became indebted to him but insists on his right to recover upon his admission of liability made by the defendant on a statement of the account between them. If the whole conversation be taken together, it appears to me that there was no admission of liability." In this case, the court in banc, in refusing to set aside the non-suit, said : " It is not an unqualified acknowledgment but only an admission that ten pounds would have been due if something else had not happened."

In *Culvert* v. *Baker*, 4 *Mees. & W.* 417, a promise to pay a bill of exchange at home, but not at the banking house at which it had been drawn, was held not to amount to an unconditional promise to pay.

The question presented now is the following: Was there such unqualified assent to the correctness of the bill presented and such a promise to pay it as will support a demand for an account stated? The testimony of the plaintiff is, that the defendant refused to pay the bill because the plaintiff owed him a larger bill, but he stated that he would pay the plaintiff's bill if the plaintiff would pay his.

It is now insisted by the counsel for the plaintiff, that the defendant's claim was a set-off, and that the effect of his acknowledgment of the correctness of the plaintiff's bill is not defeated by his coupling with such assent an assertion of the right to set-off against it a counter claim. There is, undoubtedly, authority for the doctrine that, where the correctness of the account presented is admitted, it will amount to an account stated, although the person so acknowledging its accuracy insists that he has an offset. It was so ruled in the case of *Tiler* v. *Peebles*, 8 *N. H.* 226, upon the authority of the case of *Styart* v. *Rowland*, 1 *Show.* 215.

In view of the character of an account stated which has grown up by judicial decisions, I think it is true, that where parties get together and reduce an account to a balance by agreement, that such balance may amount to an account stated, although there may exist some outstanding independent claim which one of the parties, at the time, signifies his intention to produce as an offset against the balance, or as a demand in addition to the balance so agreed upon. But this can be so only when such unconsidered demand is an independent matter, having no connection with or relation to the subject matter, the items of which are resolved into a sum certain by the agreement of the parties.

The notion that there can be an account stated of certain items of the account, while other items of the same account are questioned and left open for further adjustment or litiga-

tion, as was held in a case decided in the English Court of Common Pleas (*Cressman* v. *Hawley,* 2 *Scott N. R.* 569), can-not be supported upon any rational view of the nature of an account stated.   It confounds every admission with an account stated.

The facts surrounding the admissions in the present case, the evidence of the defendant on the trial, disclosed the fact that the defendant claimed that the plaintiff's bill was not owing to him, because he, the defendant, was entitled, not merely to reduce such bill, but to exhaust it by reason of other transactions which grew out of their dealings touching the same subject matter.   The assent was, therefore, so qualified as to deprive it of the character of an account stated, and the judgment cannot stand upon this ground.

But the plaintiff secondly insists, that the judgment can be supported by viewing the state of demand as one counting for goods sold and delivered.

The cause, however, was tried below upon a different theory. The counsel for the defendant obviously shaped his client's cause in accordance with the demand as filed.   No amendment was asked for at the time of the trial, and, under the circumstances, the court should not exercise its power to order an amendment here.

The judgment below is reversed, with costs.