[No. 23427. Department Two. February 23, 1932.]

FRANK S. GRIFFITH, *Respondent,* v. ELLA S. ROSEN-
BERG, *Appellant.*[1]

*Wright & Wright (Felix Rea,* of counsel), for ap-
pellant.

*Tucker & Tucker,* for respondent.

MILLARD, J.—Plaintiff attorney instituted this action
against his client to recover $2,801.16 balance claimed
to be due upon an account stated. Defendant pros-

[1]Reported in 8 P. (2d) 284.

ecutes this appeal from the judgment entered upon the verdict in favor of the plaintiff.

On March 12, 1925, appellant executed a general power of attorney, which was placed of record in the office of the auditor for King county, appointing Walter B. Allen her attorney in fact. So far as material that instrument reads:

" . . . my true and lawful attorney for me and in my name, place and stead, and for my use and benefit, to ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, . . . interests . . . and demands whatsoever, . . . and have, use and take all lawful ways in my name or otherwise . . . by attachments, . . . or otherwise . . . to compromise and agree for the same, . . . and to make, do and transact all and every kind of business of what nature and kind soever. And also for me and in my name and as my act and deed, to sign, seal, execute, deliver and acknowledge . . . evidences of debt, . . . and such other instruments in writing, of whatever kind or nature as may be necessary or proper in the premises.

"Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, hereby *ratifying and confirming all that* my said attorney, *Walter B. Allen, shall lawfully do or cause to be done by virtue of these presents.*"

In 1926, Allen, who was not then an attorney at law, retained respondent to perform legal services for appellant. Respondent's testimony that he called on appellant while she was in Seattle, and that she agreed to the retaining of respondent, is not corroborated. The deposition of Mrs. Rosenberg, who was residing in New York state at the time of the trial of this cause, was to the effect that she did not understand that she gave to Mr. Allen a general power of attorney;

that "not to my best recollection" did Mr. Allen bring respondent, as the latter testified, to her rooms in a Seattle hotel to discuss matters relative to appellant's property and affairs; that she did not employ, nor did she authorize any one else to employ, the respondent to act for or to perform any services for her; that she never at any time had knowledge that respondent, who never made any demand upon her for services rendered, performed any services for her.

Respondent testified that he performed legal services for appellant from 1926 to 1929, and that, on various dates in 1928, he received payments on account of such services; that, on February 6, 1930, he and Allen, appellant's attorney in fact, agreed upon the amount due respondent from the appellant for the services rendered to the appellant; that the agreement resulted in the execution by Allen of the stated account. That writing recites that Ella S. Rosenberg is debtor to Frank S. Griffith for services rendered to Mrs. Rosenberg at her instance and request to January 1, 1928. Charges for services, credits for payments received and interest debited against the balance due from time to time in 1928, are itemized, leaving a balance due to February 6, 1930, of $2,801.16, which Allen acknowledges as follows, to be the amount due from appellant to the respondent:

"The above and foregoing is a full, true and correct stated account between Ella S. Rosenberg, debtor, and Frank S. Griffith, creditor, against which I neither claim nor hold any offset or counterclaim whatever, and to which I have no defense and I acknowledge the last sum above mentioned to be just, due and owing by me to Frank S. Griffith from the 6th day of February, 1930. Ella S. Rosenberg
 "By Walter B. Allen,
 "Her Atty. in fact."

Appellant contends that no services were performed by respondent at her special instance and request; and that the account stated signed by Mr. Allen was unauthorized and without consideration, therefore not enforceable.

The testimony of the respondent that he performed legal services for appellant ''at her special instance and request'' is not corroborated by other testimony. Appellant testified that she did not request respondent to perform, nor did she know that he was performing, any services for her.

It will be noted that the appellant is in error in denying in her deposition that she gave to Mr. Allen a general power of attorney. It may be that she was also mistaken when she testified that ''not to my best recollection'' Mr. Allen and Mr. Griffith did not visit her in Seattle and discuss matters relative to her property.

That respondent performed legal services for appellant can not be gainsaid. Respondent was retained by appellant's attorney in fact to perform those services. Appellant's attorney in fact acknowledged for his principal the correctness of the account rendered by the respondent. By virtue of the power of attorney executed by the appellant, the agent, Allen, was authorized to employ, hence pay for the services rendered, an attorney. How otherwise could Allen, who was not an attorney at law, prosecute on behalf of his principal, or defend for her, actions which it was anticipated he would, and was expressly empowered to, institute and defend?

Services were rendered to appellant by the respondent at the request of appellant's agent, who had full authority to employ the attorney. Also, the agent was authorized by the power of attorney to acknowl-

edge the appellant's indebtedness therefor and to pay the same. Allen was acting within the scope of his authority, hence the agreement made by him for his principal, was the agreement of the principal.

"Now, the legal effect of an agreement made by an agent for his principal, whilst the agent is acting within the scope of his authority, is, that it is the agreement of the principal. Accordingly, it is settled, that the allegation that a party made, accepted, indorsed or delivered a bill of exchange, is sufficient, although the defendant did not, in fact, do either of these acts himself, provided he authorized the doing of them." *The Bank of the Metropolis v. Guttschlick,* 39 U. S. 19, 10 L. Ed. 335, 339.

The account stated was made with knowledge on the part of the appellant debtor's attorney in fact of all of the circumstances, hence the appellant is bound thereby. Where the account has been rendered to the person sought to be charged or to some one authorized to receive and adjust the same, such recipient's written acknowledgment of the correctness of the account is sufficient to establish an account stated.

The consideration for the express or implied promise essential to an account stated is the settling of the account. 1 C. J. 698. That is, the consideration is the agreement of the one party for the agreement of the other that a certain amount, and that only, is due on the settlement.

An account may be stated between an attorney and his client with regard to services rendered by the former to the latter. 1 C. J. 703.

It is not necessary to support an agreement as an account stated that there should have been mutual or cross demands between the parties. A single transaction or claim may form the basis for an account stated. 1 C. J. 700.

"It is apparent, from an examination of the course of decisions touching what will and what will not amount to an account stated, that the courts have drifted away from the original standard of a stated account. An account stated originally presented to the legal mind the idea of mutual accounts and of a balance struck by a comparison of such accounts made by the respective creditors. Such an account stated involved an agreement in respect to the items in such account which were to be allowed, and so implied an assent to the correctness of a balance found to be due against one of such creditors. 3 Bl. Comm. 162; Bac. Abr. tit. 'Assumpsit,' A.

"Blackburn, J., in Laycock v. Pickles, 4 Best & S. 502, remarked: 'There is a real account stated called in old law an *insimul computassent*; that is to say, when several items of a claim are brought into account on either side and being set against one another the balance is struck and the consideration for the payment of the balance is the discharge of the items on each side.'

"But it now seems to be entirely settled that it is not essential that there should be mutual or counter accounts between the parties to support an action for an account stated.

"A bill of items rendered, or even a single item presented to a party and acknowledged to be correct, will constitute such an account." *Weigel v. Hartman Steel Co.*, 51 N. J. L. 446, 20 Atl. 67.

 Appellant assigns as error the overruling of her motion to make the complaint more definite and certain by requiring the respondent to state what legal services were performed by the respondent at the appellant's special instance and request.

The rule is that, in an action upon an account stated,

"No bill of particulars need be filed, nor need a copy of the original account be annexed to the complaint, in the absence of some statute to the contrary; nor is it necessary in any way to describe the character of the original dealings out of which the accounting arose." 1 C. J. 725.

The trial court correctly refused to give the jury a number of appellant's requested instructions.

The only issue was whether appellant executed the general power of attorney under which Allen employed respondent. It is not denied that respondent was employed by appellant's attorney in fact to perform, and did perform, services for the appellant. It is not disputed that an account was rendered by the respondent to appellant's agent, who acknowledged on behalf of his principal the correctness of the account and his principal's liability therefor. If appellant executed, which she denied, a general power of attorney to Allen, that agent acted within the scope of his authority, and the agreement made by him for appellant was appellant's agreement.

Appellant did not except to the instructions given, which fully stated the question involved.

The judgment is affirmed.

TOLMAN, C. J., BEALS, HOLCOMB, and MAIN, JJ., concur.