THE AETNA CASUALTY AND SURETY COMPANY
*v.* HUGHES.

[No. 15,944. Filed June 29, 1938.]

498

*Robert H. Orbison,* for appellant.

*Sam Offutt* and *William A. Hughes,* for appellee.

BRIDWELL, J.—Appellee brought this action against appellant by filing his complaint, in two paragraphs, before a justice of the peace of Hancock County, Indiana. No answer was filed. A trial resulted in a decision and judgment against appellant, from which it appealed to the circuit court of said county. By the first paragraph of complaint appellee sought to recover under the provision of a "Mercantile Safe Burglary Policy," issued to him by appellant, for a loss sustained by reason of a burglary alleged to have been committed. The second paragraph was based on an alleged account stated between the parties. The cause was tried by the circuit court without the intervention of a jury, and there was a decision in favor of appellant on the first paragraph of complaint, and in favor of appellee on the second paragraph that he recover the sum of $92.60 and costs. Judgment was rendered accordingly. Appellant duly filed its motion for a new trial, asserting as causes therefor that the decision of the court is not sustained

by sufficient evidence and is contrary to law. This motion was overruled, appellant excepted, and thereafter perfected this appeal, assigning as error the overruling of said motion.

On appeal no contention is made by appellant that the evidence is insufficient to show the issuance of the policy to appellee, and that a loss insured against was sustained by him while the policy was in force and effect, of which loss due notice was given it, as by the policy provided. The uncontradicted evidence establishes such facts. The contentions made are:

(1) "The court erred in overruling the motion for a new trial for the reason that the appellee as plaintiff below failed to establish by any evidence an account stated between the parties as alleged in paragraph two of his complaint;

(2) "The court erred in overruling the motion for a new trial, for the reason that the finding by the court for appellant on appellee's first paragraph of complaint and rendering judgment thereon precluded, as a matter of law, any finding for appellee on his second paragraph of complaint based on an account stated."

There is evidence to prove, and from which the trial court could reasonably have found, that after the loss by reason of the burglary had been reported, an agent of appellant duly authorized to act in making adjustment of any claim asserted under the policy, conferred and entered into negotiations with appellee concerning a settlement of such claim; that after an investigation, and as a result of the negotiations, it was agreed between the parties that appellant would pay, and appellee would accept, the sum of $92.60 in payment of any amount due from appellant to appellee under the provisions of the policy involved.

It is apparent from the record, and not in dispute, that the trial court in rendering its decision and judgment in this cause proceeded upon the theory that this

agreement to pay and accept said amount of $92.60 constituted an account stated between the parties.

Mutual or cross demands are not prerequisites of an account stated, and a stated account may be based on a single transaction or claim whereby the relationship of debtor and creditor arises between the parties. Vol. 1, C. J. S. 700, Sec. 16.

In the case of *Griffith* v. *Rosenberg* (1932), 166 Wash. 677, 682, 8 Pac. (2d) 284, the court quotes with approval from *State* v. *Hartman Steel Co.* (1889), 51 N. J. L. 446, 450, 20 Atl. 67, as follows:

"'It is apparent, from an examination of the course of decisions touching what will and what will not amount to an account stated, that the courts have drifted away from the original standard of a stated account. An account stated originally presented to the legal mind the idea of mutual accounts and of a balance struck by a comparison of such accounts made by the respective creditors. Such an account stated involved an agreement in respect to the items in such account which were to be allowed, and so implied an assent to the correctness of a balance found to be due against one of such creditors. 3 Bl. Comm. 162; Bac. Abr. Tit. "Assumpsit," A.

"'Blackburn, J., in *Laycock* v. *Pickles*, 4 Best. & S. 506, remarked: "There is a real account stated, called in old law an *insimul computassent*; that is to say, when several items of a claim are brought into account on either side and being set against one another the balance is struck, and the consideration for the payment of the balance is the discharge of the items on each side."

"'But it now seems to be entirely settled that it is not essential that there should be mutual or counter accounts between the parties to support an action for an account stated.

"'A bill of items rendered, or even a single item presented to a party and acknowledged to be correct, will constitute such an account.'"

In *Farmers Insurance Association* v. *Reavis* (1904), 163 Ind. 321, 328, 70 N. E. 518, the appellees had

brought an action against the appellant by a complaint in two paragraphs, seeking by the first paragraph to recover on a fire insurance policy the value of the property destroyed, and by the second, a recovery on an account stated. In the course of its opinion on a petition for rehearing, our Supreme Court said (p. 328) :

"The fact that the plaintiffs' claim arose from the loss, by fire, of property covered by a policy of insurance issued by the defendant, is not of itself sufficient to defeat an action on an account stated. If a large number of articles insured under the plaintiffs' policy were destroyed by fire—as appears from the special findings to have been the case— and the various items were by the plaintiffs and defendant—through its authorized agents—considered, and the value of such articles fixed, and the aggregate amount thus reached was agreed by the parties to be the correct amount due the plaintiffs from the defendant, and the defendant agreed to pay such sum in discharge of the claim, we perceive no reason why the plaintiffs may not, if they choose, maintain an action as for an account stated on such claim."

In the instant case, as heretofore stated, there is evidence to prove that a claim on an insurance contract existing between the parties, consisting of more than one item, was asserted by appellee, and a dispute arose as to the amount payable; that an agreement was reached whereby appellant in discharge of its contractual liability was to pay and appellee was to accept $92.60 in full discharge of said claim. It would seem that this agreement would establish a relationship of debtor and creditor, and justify the action of the trial court in its decision for appellee on the second paragraph of complaint.

Appellant's second contention that a finding for it on the first paragraph of complaint precluded any finding for appellee on the second paragraph, as a matter of law, is not tenable. Under the issues and evidence, and the law applicable thereto, if the

trial court believed that appellee was entitled to recover, its decision in favor of appellee would of necessity be based upon but one paragraph of complaint. The law would preclude a recovery by appellee on both paragraphs, but allow such recovery as the evidence would warrant upon one or the other paragraph. The decision for appellant on one paragraph and for appellee on the other is a consistent one.

There was no error in overruling the motion for a new trial. Judgment affirmed.